## STARKE, ET AL. v. HILL.

1. Neither fraud or failure of consideration can be given in evidence to defeat the recovery at law of a note given for the price of land, when a deed containing covenants of warranty running with the land has been accepted by the purchaser, his relief is in a court of equity.

WRIT of error to the Circuit Court of Tallapoosa.

Assumpsit by Hill, as the administrator of John C. Webb, suing for the use of Todd, against Starke and others, as the makers of a promissory note. At the trial, the defendants proved that the note was given for certain tracts of land, which formerly belonged to John C. Webb, since deceased, and that they were sold by the plaintiff as administrator, with the will annexed on the estate of said Webb, but the will contained no authority to make the sale, nor was there any order of court authorising the plaintiff to sell the land. At the sale, the plaintiff represented

that he had full authority to sell said lands by virtue of the will of Webb, and the same were purchased under such representation. That the purchasers have never had the possession of the lands. That soon after the sale, the plaintiff absconded from the country, and the county court of Chambers appointed in his stead, one Hooper, as administrator, with the will annexed of Webb, and the same court granted to the latter an order of sale for the land, by virtue of which it was sold, and purchased by a stranger.

The plaintiff then produced in evidence a deed, with covenants of seizin, that the premises were free from incumbrances; that the grantor had a good right to convey; and of general warranty against all persons as administrator of Webb, from him to the defendant Starke, for said lands.

On this state of proof, the defendants requested the court to instruct the jury,

1. That if they believed the note sued on was given in consideration of the sale of the lands by the plaintiff, as administrator of Webb, without any authority for making the sale, and that the defendants nor either of them, have never had possession, then the sale was void, and the note without consideration.

2. That if the plaintiff on the sale of the lands, represented that he had full authority, by virtue of the will of Webb, to sell the lands, and they were purchased by Starke under this representation, and that it was false, this then should be considered by the jury as evidence of fraud; and if they believed the sale fraudulent, it was void, and the note could not be recovered.

These instructions were refused, and the jury charged, that if the note was given in consideration of the sale by the plaintiff as administrator of Webb, and the defendants had accepted the deed for said lands, they could not inquire into any fraud in the sale or failure of title.

The refusal to give the instructions asked for, and those given are here assigned as error.

W. P. Chilton, for the plaintiff in error.

No counsel appeared for the defendants.

GOLDTHWAITE, J.—This case presents substantially the same facts as those upon which the decision in Cullum v. Branch

Bank at Mobile, [4 Ala. Rep. 21,] was founded. That determines that the acceptance of a deed with warranty, prevents the purchaser from setting up either fraud or failure of consideration at law, in defence of a note given for the purchase of land. And also, that a court of equity is the proper forum to apply for relief, when it is wished to rescind the contract.

Judgment affirmed.