MATTHEWS v. EVANS.

9 643
100 215

1. A plea which seeks to avoid the payment of a note given for the price of land, sold under the decree of the Orphans' Court, on the ground that the administrator has refused to let the purchaser into possession, or to execute a deed, is defective when it does not show what were the terms of the contract, or the manner in which the supposed duty is cast on the administrator.

Writ of error to the County Court of Wilcox.

Assumpsit by Evans against Matthews, as the maker of a promissory note. The declaration is in the usual form, to which the defendant pleaded, with other pleas, as follows, to wit: "The said defendant saith *actio non*, because he says that the supposed promissory note, if any there be, as mentioned in plaintiff's declaration, was executed by the defendant and one James R. Fisher, for the purchase money of the following described tract of land, (which is then described,) which the said plaintiff sold as administrator of the estate of Thomas Evans, deceased, under an order or decree of the Orphans' Court of Wilcox county, and at which sale of said land, the said defendant became purchaser thereof at a credit of six months. And the said defendant avers, that although he became the purchaser and complied with all and singular the terms and conditions of the sale of the said land, that the said Josiah P. Evans absolutely refused to let the defendant into possession of the said land and premises, and continued and refused to let the defendant into possession of said land and wholly and absolutely refused to execute to the defendant a deed for said land, although the defendant avers that he procured a deed to be written and prepared for that purpose, and presented the same to the said plaintiff for him to sign, and which plaintiff absolutely refused to sign or deliver for said land, or to let the defendant into possession of the same.

And that at the time of the commencement of this suit, and since, the plaintiff was in possession of said land."

The plaintiff demurred to this plea, and the demurrer was sustained.

The overruling of this plea is the only matter assigned as error.

SELLERS, for the plaintiff in error.

J. D. JENKINS, contra, insisted the plea was bad, as containing nothing from which the court is enabled to say, the plaintiff is in default, or to show the defendant is entitled to rescind the contract.   The conditions of the contract should be set out, so that the court may see they have been complied with.

Besides this, it is not the duty of the administrator to make the deed.   [Clay's Dig. 225, § 19, 26.]   Nor is he required to put the purchaser in possession ; it may be the title sold was not of such a description as invests the purchaser with the right of immediate possession.   Under no circumstances is the administrator a warrantor.   [Perkins v. Winter, 7 Ala. Rep. 855 ; Matthews v. Evans, 8 Ib. 99.]

GOLDTHWAITE, J.—We are unable to see any error in the judgment on the demurrer.   The plea is defective in not setting out the contract under which the defendant purchased, and how that has been violated by the plaintiff.   The allegation that the defendant has complied with all and singular the conditions of the sale, is of no value without setting out what those conditions were, and is rather the conclusion of the pleader, than the result of any fact stated.   So too with respect to the assertion that the plaintiff would not, or did not, let the defendant into possession, we are not advised that this was any part of the contract.   It may be, for any thing shown, that the title purchased by the defendant, was one to confer the possession at another or distant day. It is useless to speculate on what the contract may have been, as however it was in point of fact, there is nothing in the plea from which we can infer its breach by the plaintiff.

Judgment affirmed.