## HARDY ET ALS. v. BR. BANK AT MONTGOMERY.

1. When, in an action upon a note given for the purchase of a 16th section, the defendant pleaded " that the contract of purchase and sale had been rescinded by a vote of the electors in said township, according to law," and the plaintiff replied that " he could not gainsay the plea of defendant," a judgment was rendered, dismissing the suit, upon the assumption of costs by the defendant, this is not such a judgment as can be pleaded as a *retraxit,* in bar of another action upon the same demand.

2. A plea, stating, " that the said contract of purchase and sale was rescinded by a vote of the electors in said township according to the provisions of the law," is bad for uncertainty.

3. A plea, stating " that the commissioners of said 16th section never gave him, the said Geo. W. Hardy, a certificate of purchase, nor a deed to said

land," is bad, because not inconsistent with the validity of the contract of sale.

4. A plea "*puis darrein continuance*," which states, "that since the last continuance of the cause, to wit, on the 6th of March, 1848, the legislature enacted that when all the notes given for any 16th section, have fallen due, and suits have been instituted thereon, or any one of them, and suit defeated by any plea avoiding the contract of sale, the contract of sale shall be considered as rescinded, &c.," and which goes on to allege that that plaintiff had sued the defendant in the circuit court of Lowndes, and "said suit was defeated by plea avoiding contract of sale," is bad, as stating only a legal conclusion, and tending to produce prolixity.

5. The authority conferred, by the 13th section of the act of the 6th March, 1848, "to regulate permanently the 16th section fund" is the exercise of a power beyond the func tions of legislation, and is of consequence inoperative.

Error to the Circuit Court of Lowndes. Before the Hon. Nathan Cook.

This was an action by the defendant, against the plaintiffs in error, to recover the amount due on their promissory note, given for the purchase money of a sixteenth section. The defendants pleaded—

1. That the note sued on, was the third, of four notes, given by George W. Hardy, for a part of the sixteenth section, in township fourteen, and range twelve, in the district of lands subject to sale at Cahawba; that the two first had been previously sued on in that court, and at the spring term, 1845, the defendants in that action pleaded, "that the contract of purchase and sale, was rescinded by a vote of the electors in said township, according to the provisions of law," to which the plaintiff replied, "and said plaintiff says it cannot gainsay the plea of said defendants," whereupon, the defendants assuming the costs, judgment was rendered, "that said suit be dismissed, and that the plaintiff recover of the defendants, the costs in this behalf expended," &c.

2. That the note sued on, was given for a part of said sixteenth section, and "that the said contract of purchase and sale, was rescinded by a vote of the electors in said township, according to the provisions of law."

3. That the note sued on was given for a part of said sixteenth section, and "that the commissioners of said sixteenth section never gave him, the said George W. Hardy, a certifi-

cate of purchase, nor a deed to said land." The plaintiff demurred to each of the said pleas, and the demurrer being sustained as to the second and third pleas, but overruled as to the first, the plaintiff replied to the first, and the defendants demurred to the replication, which demurrer being overruled, they took issue thereon. The defendants pleaded three several pleas, *puis darrein continuance*, the 3d of which avers, "that since the last continuance of the cause, to wit, on the 6th of March, 1848, the legislature of the state of Alabama enacted, that when all the notes given for any sixteenth section have fallen due, and suits have been instituted thereon, or any one of the same, and suit defeated by any plea avoiding the contract of sale, the contract of sale shall be considered as rescinded, and held for nought : and defendants aver, that the note, the foundation of this action, was given for a part of the sixteenth section, in township fourteen, and range twelve, purchased by George W. Hardy : that all of the notes given therefor, have long since been due, before the institution of this suit, and that heretofore, to wit, in the circuit court of Lowndes county, the said plaintiff impleaded the said defendants, on two of the notes given for part of said sixteenth section, purchased as aforesaid, and that said suit was defeated by plea avoiding the contract of sale," &c.

To this plea plaintiff demurred, and the demurrer was sustained.

To the several rulings of the court, the defendants below excepted, and they now assign them as error.

BOLING, for plaintiffs in error, cited Evans v. McMahan, 1 Ala. R. 45, to sustain the first plea. The agreement that defendants below (plaintiffs in error) were to pay the costs, shows that the whole suit was abandoned.

He cited the pamphlet acts of session '47-8, p. ——, to sustain their pleas *puis darrein continuance.*

The replication of defendant in error to the first plea of plaintiffs in error, is bad. It does not make out such a state of facts as amount to fraud. It states nothing as having been done by G. W. Hardy, peculiarly within his own knowledge. If it shows any misrepresentation, it was the misre-

presentation of the legal effect of the conduct of G. M. Bender and Cowen, two of the commissioners of the sixteenth section. This does not amount to fraud. See Chit. on Con. 5 Am. from 3 Lond. ed. top p. 681.

T. J. JUDGE, contra.

1. The second plea of defendants below, was faulty, in averring that the contract was rescinded "by a vote of the electors, according to law," instead of the averment, that it was rescinded "by a majority of the voters of said township, voting in township meeting, upon due notice given," &c. Clay's Dig. 529, § 49.

2. The third plea was frivolous, and the demurrer to that rightfully sustained.

3. The plea marked No. 1, and which is not a plea *puis darrein continuance*, but which is the first of the three pleas pleaded by defendants below, on leave being given by the court to plead over, is defective in averring the rescision to have been made in a mode not provided for by law. For the only modes of annulling, or canceling a contract of that character, see Clay's Dig. 529, § 49 ; Pamphlet acts, session '47-8, 74, § 12.

4. The second of said pleas, which is a plea *puis darrein continuance*, is clearly defective ; for the provision of the act referred to therein; was intended for the benefit of the inhabitants of townships in which sixteenth sections lie, and is to be operative in cases only, in which the commissioners of any sixteenth section may cause actions of forcible entry and detainer, forcible detainer, trespass to try titles, or ejectment, to be instituted, at their option. Pamphlet acts, session '47-8, page 74, sec. 13.

COLLIER, C. J.—1. In Evans v. McMahan, 1 Ala. R. 45, it was held, that a judgment as upon a *retraxit*, may be pleaded in bar to a subsequent action, for the same cause. In the case before us, the plaintiff replied to a plea filed in the previous suit as follows : "And said plaintiff says, it cannot gainsay the plea of said defendants." A judgment was rendered in that suit, affirming, that the plaintiff dismisssed its suit, and the defendant assumed the payment of costs. It is

perfectly certain, that the replication when taken alone, or in connection with the judgment, does not amount to what, in technical language, is designated a *restraxit*. True, the plaintiff admitted that he could not gainsay the plea, or, in other words, that its allegations could not be denied or disproved ; but as a consequence of that admission, it did not confess, that it would not further prosecute the same, but from the same altogether withdrew itself; it merely dismissed its suit. This is nothing more than a mere judgment of dismissal, which according to all authority, cannot be pleaded in bar of another action, for the same cause.

The circuit court should have visited the demurrer to the replication to the first plea, on the plea itself. It is provided by the act of 1824, that "No cause shall be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings not previously objected to : *Provided,* the declaration contains a substantial cause of action, and a material issue be tried thereon." Clay's Dig. 322 § 53. This enactment only inhibits the *reversal* of a judgment for a matter not objected to, previous to verdict or judgment, but does not forbid that a judgment shall be affirmed, by reference to a matter apparent upon the record, to which the attention of the primary court was not called, otherwise than by the rules of law operating upon the pleadings. To a case thus situated, the act does not apply, but the law remains unchanged in respect to it ; and as it would have been proper for an appellate court, previous to its passage, to have looked to the plea, it is still an imperative duty to do so. Kent v. Long, 8 Ala. R. 44, is unlike the present case. There the defendant demurred to the plaintiff's replication to his plea, but pointed out no objection to the declaration. This court was of opinion that the circuit court properly overruled the demurrer, and refused to visit it upon the declaration, which it was supposed joined counts in case and assumpsit, because the objection was not pointed out before "verdict or judgment," and the declaration contained a substantial cause of action, on which a material issue was tried. The judgment was consequently affirmed under the influence of the act cited. This view relieves us from the necessity of considering the sufficiency of the replication.

2. It is provided by the act of 1843, that " Whenever a sale has been made of a sixteenth section, or part thereof, and such sale cannot, by reason of the insolvency of the purchaser or purchasers, of from any other cause, be made productive, a majority of the voters of the said township, voting in township meeting, upon due notice given, shall have power, with the assent of the purchaser or purchasers, to annul, or cancel the contract of sale for said section, or any lot or parcel thereof, which in not likely to be productive ; and shall have power furthermore to resell, rent or lease the same, as if no sale had ever been made : *Provided*, that no money shall be paid back to the first purchaser or purchasers, whose contract shall be canceled by virtue of this act." Clay's Dig. 529 § 49.

The secnod plea is defective, because it does not specially set out the manner in which the sale was canceled, that it may be seen that the cancelation was according to the provisions of the act, which furniseed the only warrant, at the time the plea was interposed, by which it could be done. True it is stated, that the contract was rescinded *by the electors in the township*, but the *modus operandi* of their action does not appear, otherwise than by a general allegation, that the rescission was " according to the provisions of law, &c." These latter words merely affirm a legal conclusion of the pleader, without any basis either preceding or following them, on which it can rest for support. A plea must state facts, that the court may be able to say, from its inspection, that it is an answer to the action, and that the plaintiff may understandingly reply to it. It is too clear for argument, that the second plea does not conform to this requisition.

3. The third plea does not disclose facts inconsistent with the validity of the contract of sale. It may be true that the commissioners of the 16th section did not give the defendant a certificate, indicating that he was the purchaser of a part of it, or that it had not been conveyed to him by deed, yet it by no means follows, that he can avoid the purchase by setting up the statute of frauds. The plea does not negative the existence of any other written *memoranda* showing the sale, purchase, terms, &c : nor does it alledge that the defendant is not in possession, or that he has ever demanded the proper written

evidence of his purchase, or that there has been a refusal to furnish it. Taking it to be true, it does not set up an available bar, and the plaintiff could not have been required to reply to it.

4. The third plea *puis darrein continuance,* alleges substantially, that the note declared on, is the last of three of a similar character, given for the purchase of a part of a sixteenth section—all which have matured, and that actions instituted on the two former had been " defeated by a plea avoiding the contract of sale." This plea is founded on the thirteenth section of an act of the 6th of March, 1848, which enacts, " that when any sixteenth section, or part thereof, has been sold, and all the notes given therefor, have fallen due, and any one thereof remains unpaid, and the purchaser thereof has removed from the state, or died insolvent : or when any sixteenth section or part thereof, has been sold, and any one of the notes have fallen due, and suit has been instituted thereon, and such suit defeated by plea of the statute of limitations, or by any plea avoiding the contract of sale : or if such suit was matured into judgment, and a return of " no property found," made on any execution issued on such judgment, in any and all of the above cases, the commissioners of such sixteenth section, may cause actions of forcible entry and detainer, forcible detainer, trespass to try titles, or ejectment, at their option, to be instituted in the name of the governor of the state, against any person or persons in possession of such sixteenth sections, or part of said sixteenth section, in all the above ennumerated cases, the contract shall be considered as rescinded and held for nought." This is certainly a very singular enactment—one which it is difficult to support, upon any legitimate construction whidh its terms authorise. It professedly invests the commissioners of a six-' teenth section, with authority to cause an action to be brought for the recovery of the possession of it, or any part which had been previously sold, upon the existence of one of five several facts, and makes the bringing of the suit, an election of the commissioners, to annul the contract of sale : or it is intended to annul the contract for either of the grounds, although no action is instituted. In neither view, can the statute be allowed to operate. The cases in which the commissioners are permitted to rescind, or in which the

contract may be treated as rescinded, may be thus classed 1. When all the notes given for the purchase money have fallen due, and any one remains unpaid, and the purchaser has removed from the state. 2. When the purchaser has died insolvent. 3. and 4. When a suit has been brought on any one of the notes, and defeated by a plea of the statute of limitations, or by plea avoiding the contract. 5. When a judgment has been recovered on either of the notes, and an execution issued thereon, returned "no property found."

In addition to the personal security which the purchaser of the whole, or part of a sixteenth section, is required to give, an equitable lien is retained by the vendor for the payment of the purchase money; not in virtue of any express contract, but it results from the retention of the legal title until full payment is made. The enactment then, if within the competency of the legislature, was wholly unnecessary, as a means of securing to the "inhabitants" of the township the proceeds of a sale. In addition to the equitable lien, there may be in the most, if not all the cases, for which it proposes to provide, other available remedies, by which a collection of the purchase money may be enforced. In the first case, though the purchaser has removed from the state, he may have left sureties, who are able to respond : in the second, the same state of things may exist, though the purchaser has died insolvent : in the third and fourth, although the statute of limitations may bar an action on the notes, still the equitable lien may be enforced. Doe ex dem. Duval's heirs v. McLoskey, 1 Ala. Rep. 708 ; Inge et al. v. Boardman, 2 Ala. R. 331. In providing that a plea in a previous action, on one of the notes, defeating a recovery upon a ground which maintained the invalidity of the contract of sale, that may, perhaps, be regarded as declaratory of what was previously the law. Rakes' adm'r. v. Pope, 7 Ala. Rep. 161. Conceding this to be so, and still the plea we are considering is defective, in not reciting the substance of the facts set forth in the plea, by which the defendant defeated a recovery in the previous suit. It merely sets out, by way of inducement, a recital of so much of the 13th section of the statute as was deemed pertinent, avers that the note declared on, was given for the sixteenth secton particularly designated—that all the

notes made upon that consideration, have been long since due; that previous to the institution of this action, the plaintiff impleaded the defendant on two of these notes, in the circuit court of Lowndes, "and that said suit, was defeated by a plea avoiding the contract of sale." Here is nothing more than the allegation of a *legal conclusion*—a mode of pleading, which the law with its increasing solicitude to avoid prolixity, will not tolerate. The pleader must disclose the facts upon which he founds his declaration, plea, &c., that the court upon their inspection and examination, may be enabled to pronounce the law. In this essential, we have seen the plea in question, is altogether deficient, and the demurrer, for this reason, if no other, was rightly sustained. 7 Bac. Ab. let. I, § 3. Bouv. Ed. In respect to the fifth class of cases provided for, the return of "no property found," would not *per se* impair the validity of the contract ; but the equitable lien would still be operative—the property of the purchaser, should he acquire any, would be liable to satisfy the judgment, and the legal remedies against the sureties, would also continue in force. We have taken this view, for the purpose of showing how utterly valueless the enactment is, as a conservative measure, intended for the benefit of those interested in the educational funds, produced by the sale of sixteenth sections.

We now, propose to show, that the section in question, so far as it attempts to annul, or rescind the contract of sale, is an interference with the rights of others—the exercise of a power beyond the functions of legislation, and of consequence inoperative. In Long & Long v. Brown et al. 4 Ala. Rep. 622, it was held that the grant of sixteenth sections, by the act of congress, of the second of March 1819, is in perpetuity to the inhabitants of the several townships, but the legal title to the land is in the state, *in trust* for the inhabitants of the respective townships in which the same may be situated : *Further,* that the act of the legislature of 1828, authorizing the sale of the sixteenth section, in each township, with the *assent of the inhabitants thereof,* and providing for the profitable investment of the proceeds, was valid : and that a sale pursuant to the act, the payment of the purchase money, especially when evidenced by a patent to the pur-

chaser, was obligatory upon the inhabitants of the township, and passed the title. These questions were largely considered in the case cited, and it is now unnecessary, if not out of place, to repeat what was there said. We have, however, seen that the state is a *mere trustee*, holding the *legal title* to the sixteenth sections, for the benefit of the " inhabitants" of the several townships, and after a sale has been made, it retains it for the purpose of consummating the vendee's title, when the purchase money has been fully paid. The assent of the " inhabitants" of a sixteenth section, was essential to authorise a sale, and all legislation since 1828, up to the act of 6th of March 1848, made their assent a pre-requisite to annuling a sale. The legislature doubtless, regarded the interest of the *cestui que trust* as beyond its control, and the doctrine in respect to *trustees*, clearly establishes, that such was a correct view of the law. It is needless to enlarge upon this point, or to cite authorities to sustain it.

We may, however, add several well settled principles, which show the correctness of the conclusion we have stated, viz : the legal estate of the trustee shall not be carried further than the complete execution of the trust necessarily requires. Lewen on Trusts, 234, *et seq.* A *trustee* cannot, under a *simple* trust, exercise any dominion or control over the trust property, except it be in defence, or protection of the estate. Id. 412. *Again :* one who accepts a trust, takes it for the benefit of the *cestui que trust*, and not for any advantage to himself; as a further consequence of this rule, the beneficiary will not, in general, be subject to any disadvantage which may arise from the trustee personally, on account of his being seized of the legal estate; nor will he be prejudiced by the trustee doing what the trust does not authorize, or injured by his not doing that which it was his duty to perform. Willis' Trustees, 121. Further, the trustee must be careful to execute the trust faithfully according to its terms and the intention of the party by whom it was created ; he is bound not to do any thing to defeat the trust reposed in him—has sometimes been injoined from doing so, and compelled to give security for its performance. Id. 124 ; Morris v. Clarkson, 1 Jac. & Walk. Rep. 107.

From this view, it results, that the thirteenth section of the

act of 1848, so far as it assumes to annul a contract for the sale of a sixteenth section, or a part of it, is the assertion of a power, which cannot be exercised without the assent of the inhabitants of the township, or a majority of them. The question, whether a contract is rescinded, or may be rescinded without the consent of both parties, involves a judicial inquiry, which it is incompetent for the legislature to determine; and if it was intended to have that effect, we have no hesitation in declaring that *pro tanto*, it is merely inoperative. There is, therefore, no error in the ruling of the circuit court, and its judgment is consequently affirmed.