## ALFRED W. NORTON, Appellant, *v.* ANDREW P. JACKSON and FRANK JACKSON, Respondents.

Where land is sold with covenant of warranty, accompanied with a delivery of possession, for which the purchaser gives a note for the purchase money, the promise to pay, and the warranty are independent covenants, and the enforcement of the one is not dependent upon the performance of the other.

Where there is a covenant of warranty the payment of the purchase money cannot be resisted as long as the grantee remains in possession.

Nor under the same circumstance can the purchase money be reduced.

Eviction by process of law is requisite to enable an action to be maintained on the covenant.

Equity can relieve by granting a recision of the contract, upon the allegation of the insolvency of the grantor, and his inability to respond in damages to an action upon the covenant, a permanent outstanding title in another, and an offer to re-deliver possession, and account for the rents and profits.

APPEAL from the District Court of the Seventh Judicial District, Solano County.

This action was brought upon a promissory note for $800, given by the defendants to the plaintiff and one McCord, for the purchase of certain property in Solano County.

The defendants in their answer admit the execution of the note, but allege that the land was sold by the plaintiff with covenant of warranty;

and that owing to a defect or want of title of the plaintiff, the consideration for which the note was given had entirely failed.

At the time this suit was brought the defendants were in the enjoyment and possession of the land. The Court charged the jury in substance, that if they found that the plaintiff had sold the land with covenant of warranty, and that there had been a breach of such covenant, that they might take into consideration any damages which it was proved that the defendants had suffered by reason of such breach; that such damages were in the nature of a counter claim, and that if they amounted to as much as the sum due on the note, then they might find for the defendants. To this charge plaintiff's counsel excepted. The jury found for the plaintiff in the sum of seventy-five dollars.

The Court overruled a motion for a new trial, and plaintiff appealed.

*John Currey* and *Wm. S. Wells*, for Appellant.

1. The Court erred in its instruction to the jury, for a breach of a covenant of warranty is caused only by eviction. Rawle on Cov. for Title, 188, 192. Gore v. Brazier, 3 Mass., 544. Patton v. McFarlane, 3 Penn., 422. 3 Ohio, 211. 4 Kent's Commentaries, 471. Backus, Administrator, v. McCoy. The evidence shows that the defendants were in the possession of the land, and the authorities clearly show that they cannot resist the judgment of the purchase money. They should at least place their grantors *in statu quo*. 7 Wend., 350. 5 Hill, 390. 1 Denio, 72. 2 Hill, 288. As to the rule in regard to damages, see Rawle on Cov. for Title, 79. Sedg. on Damages, 179.

2. Where a party is in possession the law will deem him an owner in fee. 6 Cow., 751. Paine's C. C. R., 458. 15 Wend., 171. 9 Barb., 287. 1 Cow., 613. See the following authorities for the definition of covenant for seisin as usually expressed:—Chapell v. Bull, 17 Mass., 213. Wait v. Maxwell, 5 Pick., 217. Breck v. Young, 11 N. H., 489. Kirkendall v. Mitchell, 3 McLean, 145. Cushman v. Blombard, 2 Greenl., 268. Griffin v. Fairbrother, 1 Fairfield, 95. Wheeler v. Hatch, 3 Ib., 388. Boothby v. Hathaway, 20 Maine, 255. Baxter v. Bradbury, Ib., 260.

*Peyton* and *Duer*, for Respondents.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court.  BRYAN, J., and MURRAY, C. J., concurred.

Where land is sold with covenant of warranty, accompanied with a delivery of possession, for which the purchaser gives a note for the purchase money, the promise to pay, and the warranty, are independent covenants, and the enforcement of the one, is not dependent upon the performance of the other.

It has therefore been held by all sound decisions, that an action upon the covenant of warranty would not lie until eviction.  The reason of this principle is founded upon the position, that there can be no approximation to a correct measure of damages.  It would be a serious hardship to allow the grantee to defeat the recovery of the purchase money and interest, while he remains in the enjoyment of the possession, has derived its rents and profits probably for many years, and may hold until his possession ripens into a perfect title.  See Backus, Administrator, v. McCoy, 3 Ohio, 211, and the cases cited in appellant's brief.

In Dunn v. White & McCurdy, 1 Ala. R., 645, the question was whether the vendee should be allowed to reduce the recovery of the purchase money.

The Court decide that there is no right to reduce the amount of the purchase money on account of relieving an incumbrance where there is a covenant of warranty.  They say "not only is there a security of a higher nature, but it would involve the jury in the investigation of matters foreign to the question before them, or not proper for their investigation.  Thus, if the defendant seeks to reduce the amount of a note given for the purchase of land, either in whole or in part, by proving that he had paid off an outstanding incumbrance, it would certainly be open to the plaintiff to show that he was not bound to discharge the incumbrance, from some illegality in the consideration, or that he had himself discharged it.  Such an inquiry might involve an examination of intricate accounts between the plaintiff and the incumbrancer, such as a Court of Equity could alone with propriety adjust.  See Miller v. Watson, 5 Cowen, 195.  Bumpus v. Platner, Ch. R.; 1 Johns., 213.  Young v. Triplett, 5 Littell R., 247.  Clay et al v. Dennis, 3 Ala. R., 375.

In Cullum *v.* The Bank of Ala., 3 A. R., 21, the doctrine is, that although the vendor has no title, yet if the purchaser received the possession, and carried the contract into execution, by taking upon himself the ownership of the land, the payment of the purchase money cannot be resisted. See also Sharke *v.* Hill, 6 Ala., 785. Wade *v.* Kelbough, 3 Stew. & P., 431. Mason *v.* Chambers, 4 Lit., 252. Clemens *v.* Loggin, 1 Ala., 622.

The principles deduced from the various authorities may be classed thus :

1. Where there is a covenant of warranty the payment of the purchase money cannot be resisted as long as the grantee remains in possession.

2. Nor under the same circumstances can the purchase money be reduced.

3. Eviction by process of law is requisite to enable an action to be maintained on the covenant.

4. Equity can relieve by granting a recision of the contract upon the allegation of the insolvency of the grantor, and his inability to respond in damages to an action upon the covenant, a paramount outstanding title in another, and an offer to re-deliver possession, and account for the rents and profits. Cullum *v.* The Bank of Alabama, Ala. R., 21.

The judgment is reversed, and the cause remanded.