REYNOLDS v. HARRIS.

No eviction is necessary to enable a vendee to recover back the purchase-money of real estate, where the sale was void under the Statute of Frauds.

Where a party contracts orally for the purchase of a house and lot, and furniture therein, and enters into the possession under such oral agreement, and the vendor subsequently fails to make a conveyance, the vendee has the right to quit the premises, and return the personal property.

A plea of a former suit pending is no bar to an action where the complaint in the former suit is so defective that a judgment rendered thereon would be a nullity.

This Court does not deem it necessary to decide whether, in all cases, where a judgment is based upon a complaint which does not state facts sufficient to constitute a cause of action, the judgment itself may be treated as a nullity.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

A statement of the facts appears in the opinion of the Court.

*Charles A. Tuttle* for Appellant.

The appeal is from a judgment, rendered in the Court below, against the appellant, who was defendant therein.

The complaint sets up a verbal contract, to sell real estate to plaintiff made by appellant, and his failure to fullfil the contract, and claims damages therefor, and also judgment for money paid on the contract.

1. The contract was void, and therefore no action can be maintained on it, or for a violation of it. The complaint contains no cause of action. See Cod. L., § 8, p. 200; Abell v. Calderwood & Johnson, 4 Cal. R., p. 90; 2 Cal. Rep., p. 603.

2. The finding of the Court does not warrant the judgment, for the following reasons : 1. It does not show that plaintiff ever fulfilled his part of the contract, or that plaintiff was ever ejected from the premises. 2. It does not show that defendant ever refused to convey. 3. The former suit, brought in the same Court, and for the same cause of action, at the January Term, 1856, and in which plaintiff obtained a verdict, was a bar to the maintenance of this suit. See 1 Chitty's Plead., 604; 2 Johns. R., 210.

The arrest of the judgment by the Court, in the former suit, does not prevent its being a bar to the maintenance of this. See 1 Hill's R., p. 656; 2 Johnson's R., 101; 9 Johnson's R., p. 287 ; 19 Johnson, p. 247 ; 1 Cowen, p. 142.

*R. Robinson* for Respondent.

This is an action to recover the consideration paid upon a contract not complied with by defendant, and if the contract was void, with greater reason could the consideration be recovered back.

The appeal is taken upon the record alone.   There is no state-
ment of the evidence, and the Court will presume that it sup-
ported the complaint and findings.

The only point made, to which authorities are cited, is, that
there was another suit pending at the time of the commencement
of this suit.

This is not true, as a matter of fact, as shown by the record.

The judgment was arrested, and that suit favorably terminat-
ed on the 17th day of March, A. D. 1856.

This suit was commenced on the 28th day of March following,
being eleven days after that suit was disposed of.

Again, the judgment in that suit was arrested, for the reason
that the complaint did not set out facts sufficient to constitute
a cause of action.

It was, therefore, no suit, and it is not good in abatement, nor
would it be good in bar, if judgment had been for defendant, on
a verdict or demurrer.

The authorities do not apply, because the facts, as shown by
the record, as amended, show that the judgment was arrested
before the bringing of this suit, and, under our practice, an order
is a judgment, and is so treated.

BURNETT, J., delivered the opinion of the Court—FIELD, J.,
concurring.

The defendant, on the 5th day of December, 1854, verbally
agreed with the plaintiff to sell him a house and lot, and certain
furniture in the house, for the sum of $800—$400 to be paid at
the time, and the remainder on the 1st day of June, 1855.   The
defendant was to make to plaintiff a good and sufficient title to
the premises, within thirty days from the date of the agreement.
The plaintiff at once took possession of the house, lot, and furni-
ture, with the permission of the defendant.   After the expiration
of the thirty days, the plaintiff demanded of the defendant a
good and sufficient title, stating that he was ready to perform his
part of the agreement; but the defendant failed to make the
title.   The defendant had no title to, but a mortgage upon the
premises, which he proceeded to foreclose; and, under the de-
cree, they were sold and purchased by the defendant, but were
redeemed within six months by a lawful redemptioner.   On or
about the 1st day of December, 1855, the redemptioner demand-
ed the possession of the premises of plaintiff, and the plaintiff
thereupon left the same.   It appeared that the personal property
in the house, at the time of the agreement, was of the value of
$200—a portion of which was afterwards, and while in plaintiff's
possession, destroyed by fire.   On the day of the surrender of
the real estate to the redemptioner, personal property, of like
character, and of equal value, was deposited in the house by the
plaintiff, and the defendant notified of the fact; and that the

same was placed there to be disposed of by him as he might think fit, and that plaintiff relinquished to him all title to the same. During the time the plaintiff occupied the house and lot, he made improvements upon the same to the value of $300; and the monthly rents were of the value of $60. Plaintiff demanded of the defendant the money paid by him upon the purchase, but the defendant refused to return the same. This suit was commenced on the 31st of March, 1856. At the January Term, 1856, of the Court, the plaintiff commenced a suit against the defendant for the same cause of action. The case was tried before a jury, and a verdict and judgment were had, at that term, for plaintiff. The defendant moved in arrest of judgment, because the complaint did not state facts sufficient to constitute a cause of action; and the judgment was arrested on the 21st day of April, 1856, and nothing further was done in that case. In the present suit, the defendant plead the pendency of the former suit, in abatement. The judgment in this suit was rendered for the plaintiff, July 22d, 1856, and the defendant appealed.

The first point made by the counsel of defendant is that the plaintiff was never evicted by process of law, and can not, therefore, recover the purchase-money.

In the case of Norton *v.* Jackson, (5 Cal. Rep., 265,) it was held by this Court that an action could not be maintained upon a warranty of title, until eviction by process of law. But the principles laid down in that case do not apply to the circumstances of this. The doctrine laid down in that case was predicated upon a valid, not a void, sale of the real estate. In this case the agreement was void, under the eighth section of the Statute of Frauds. (Wood's D., 106.) No part of the agreement having been reduced to writing, and signed by the party to be charged, the entire agreement was void; and the plaintiff had the right to return the personal property and quit the premises at any time.

The next point made by the counsel of defendant which it is necessary to notice is that the Court below erred in sustaining the present suit, while the former suit was pending and undetermined. This objection is met by the plaintiff's counsel, by insisting that the former suit was not, in contemplation of law, any suit at all, as the complaint was so entirely defective that no judgment could properly be rendered thereon.

It appears from the findings of the Judge, in the former suit, which are made a part of the findings in this, that the suit in that case was brought to recover *damages* for the failure of defendant to make a good title. The complaint in that case was predicated upon the ground that the parol sale was valid and that damages could be recovered for the non-performance of the terms of the agreement. In the complaint there was no allegation that plaintiff had demanded a return of the purchase-money—or that defendant had refused the demand—or that plaintiff had left the

premises—or that he had ever been disturbed in his possession. The only breach alleged was that defendant had refused to make a good title to the property.

While it is not necessary to decide whether, in all cases where a judgment is based upon a complaint which does not state facts sufficient to constitute a cause of action, the judgment itself may be treated as a nullity, we must hold with the Court below that the complaint in the former suit was so radically defective that the judgment rendered thereon was a nullity; and the pendency of that action could not be pleaded in abatement of the present suit. It is true, as stated by defendant's counsel, that the plaintiff could have amended his complaint in that case, under proper circumstances. The judgment was had in January; and the motion in arrest was taken under advisement until April 21st, when the judgment was arrested. The plaintiff could not, therefore, amend his complaint until after the commencement of the present suit, March 31st. If he had amended the complaint in that case, it could not have been done without the special leave of the Court; and, when amended, the defendant could have pleaded the pendency of the present, in abatement of that suit.

Judgment affirmed.