# Hawk *v.* The State.

*Indictment for Murder; Application for Change of Venue.*

1. *Change of venue; bill of exceptions.*—Though the ruling of the trial court refusing an application for a change of *venue* in a criminal case may now be reviewed and revised on appeal taken after final judgment of conviction (Code of 1886, § 4485), and though the judgment-entry shows the action of the court on such application, it is necessary, in order to bring such a case up for review, that there be a bill of exceptions setting out the evidence and showing exception to the ruling of the court.

2. *Bill of exceptions; selection of jurors.*—The ruling of the trial court in reference to the selection of certain jurors can only be reviewed by bill of exceptions properly framed. It is not sufficient that the judgment-entry recites exceptions were taken to the action of the court in reference thereto.

APPEAL from Jackson Circuit Court.

Tried before Hon. JOHN B. TALLEY.

Appellant was indicted for the murder of John Smith. He made application for change of *venue*, which application was denied. Exceptions were taken to the selection of certain jurors. Hawk was found guilty and sentenced to the penitentiary for forty-five years. An appeal was taken. No bill of exceptions appeared in the record.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—An application for a change of venue in a criminal case may now be reviewed and revised on appeal to this court, taken after final judgment of conviction. Code of 1886, § 4485.

But in order to bring such a case up for review, however, there must be a bill of exceptions setting out the evidence upon which the trial court acted, and duly reserving an exception to the ruling of the court in refusing to grant the application. It is insufficient for the action of the court to be shown by the judgment-entry alone, without a bill of exceptions.

The same is true of the rulings of the court in reference to the selection of certain jurors, to which the judgment-

entry recites that exceptions were taken.    These rulings can be reviewed only by bill of exceptions containing the evidence on which the court based its action.

There is no bill of exceptions contained in the record, and the appeal must be dismissed.