100   209
113   475

# Jones *et al. v.* State, to use, &c.

*Action on Promissory Notes given for Purchase price of Land.*

1. *Plea averring failure of vendor to deliver possession.*—In an action for the price of land, a plea that the purchaser was not put in possession, and that he can not recover nor can plaintiff put him in possession, is demurrable, the facts alleged not showing that possession was to pass before payment of the notes.

2. *Plea of want of title in vendor.*—In an action for the price of land, a plea that plaintiff had no title at the time of sale, or since, or at time of trial, is bad as not averring plaintiff's failure to convey, or that defendant is out of possession because of plaintiff's lack of title.

[Jones et al. v. State, to use, &c.]

3. *Plea of failure of vendor to convey title.*—A plea that the vendee has not received any conveyance from the vendor is bad as not stating the terms of the promise to convey.

4. *Plea of adverse title in third party.*—A plea that at the time of the sale the land was in adverse possession of third persons. under claim of title, is bad, since non constat, but plaintiff will recover the land, and transmit possession, within the terms of sale.

5. *Presumption as to due organization of jury.*—Where the record "shows "a jury of good and lawful men," proper organization is presumed, no point being made or exception reserved below.

6. *Pleadings.*—A particular plea can not be aided by reference to another or other pleas, unless such other pleas are made a part of it by express reference.

APPEAL from the Circuit Court of Walker.

Tried before the Hon JAMES J. BANKS.

Action by the State of Alabama, for use of township 16, range 6, in Walker county, against W. J. Jones and others, on promissory notes given for the purchase price of land.

The assignments of error in this cause present the rulings of the Circuit Court upon the pleadings. The defendants interposed the following pleas : "(1) Come the defendants, and, for answer to the complaint exhibited against them in this cause, say that they deny each and every allegation in said complaint." "(3) For further answer to said complaint defendants say that the notes sued on in this action were given for land sold by plaintiff to defendant, W. J. Jones, of which others, to-wit, P. P. Jones and J. I. Laird, were in the adverse possession at the time of the making of said notes. and said W. J. Jones, nor any one of defendants, has ever been placed in possession of said land by plaintiff, or otherwise." (4) For further answer to said complaint defendants say that the notes sued on in this action were given for lands sold by the plaintiff to defendant, W. J. Jones, of which plaintiff has failed and refused to put him, or any one of defendants, in possession, said notes having been made by defendants while another or others were in possession of said lands, asserting an adverse claim or title thereto. (5) For further answer to said complaint defendants say that the notes, the foundation of this suit, were made or given for lands purchased by defendant, W. J. Jones, from plaintiff, of which he has never been in possession, and of which he has failed and refused to obtain further possession. (6) For further answer to said complaint defendants say that the notes, the foundation of this action, were given by defendants for lands purchased by defendant, W. J. Jones, from plaintiff, the title to which was then, and has ever since been, and now is, in another than plaintiff." The second plea of this series was withdrawn. Subsequently the

defendants interposed the following amended pleas: "(1) Come the defendants, and, for answer to the complaint exhibited and filed against them in this cause, say that they deny each and every material allegation in said complaint. (2) For further answer to said complaint defendants say that the notes sued on in this action were given for land sold by the trustees of T. 16, R. 6 west, or by plaintiff to defendant, W. J. Jones, of which others, to-wit, P. P. Jones and J. I. Laird, were in the adverse possession at the time of the making of said notes, and have ever since been and now are in possession of said land, claiming to be the rightful owners thereof; and that the said W. J. Jones, nor any one of the defendants, has ever been placed in possession of, or has had possession of, said land, through or by plaintiff or otherwise, and plaintiff has not executed to defendant, W. J. Jones, or any of the defendants, a deed of conveyance to said land or any part thereof. (3) For further answer to said complaint defendants say that the notes sued on in this action were given for lands sold by the trustees of T. 16, R. 6 west, to the defendant, W. J. Jones, of which lands plaintiff and said trustees have failed and are unable to put him, or any one of defendants, in possession, said notes having been executed or made by defendants while another or others were in the actual adverse possession of said lands, and have ever since continued in such possession; and that plaintiff has not executed to defendant, W. J. Jones, or any of defendants, any sort of conveyance to said lands. (4) For further answer to said complaint defendants say that the notes, the foundation of this suit, were made or given for lands purchased by defendant, W. J. Jones, from the trustees of township 16, R. 6 west, of which he has never been in possession, and of which he has been and is unable to obtain possession, by reason of the adverse possession and claims of a stranger to this suit. (5) For further answer to the said complaint the defendants say that the notes, the foundation of this suit, were given by defendants for lands purchased by defendant, W. J. Jones, from the trustees of T. 16, R. 6 west, the title to which was then, and has ever since been, and now is, in another than said trustees or plaintiff." To these pleas the plaintiff demurred as follows: "To the 3d, 4th, and 5th original pleas and the 4th amended plea: (1) Said pleas fail to show that defendants are entitled to the possession of said lands; (2) said pleas fail to show any duty on the part of plaintiff to put defendants in possession of said lands; (3) said pleas fail to show that all the purchase-money, with interest, has been paid; (4) said pleas

fail to show that all the purchase-money for said lands has been paid, or a sufficient excuse why it has not been paid. To the 6th original plea and 5th amended plea: (1) Said plea fails to show that the title to said land was warranted; (2) said plea fails to state the vendor claimed to have title to said land; (3) said plea fails to show that all the purchase-money for said lands has been paid; (4) said plea fails to show why the contract of purchase is not binding between the parties thereto; (5) said plea fails to show any sufficient reason for allowing a rescission of said contract for sale of said lands; (6) said plea fails to show in whom the title to said land was at the time of said sale, and now is. To the 2d and 3d amended pleas: (1) Because they are duplications; (2) said pleas fail to allege any reason why the defendants should be allowed to rescind the contract of purchase; (3) said pleas fail to allege any warranty of possession or title at the time said contract for the sale was made; (4) said pleas fail to state what the contract of sale was; (5) said pleas fail to show that defendants are entitled to the possession of said land, or a title thereto. To the 3d, 4th, 5th, and 6th original pleas and the 2d, 3d, 4th, and 5th amended pleas: (1) Because they fail to allege what the contract of sale for said lands was; (2) because they fail to show any obligation on the part of the State, or any one else, to do the matters and things therein alleged; (3) because they fail to show any breach of the contract of sale on the part of the plaintiff; (4) because they offer no excuse on the part of defendant for their failure to pay said notes; (5) because the said notes were given for the purchase of school lands, and no reason is given why the said sale is invalid; no facts are alleged in said pleas, showing the invalidity of the sale of said lands as between the parties thereto." These demurrers were sustained by the court; and upon issue being joined on pleas No. 1 of the original and amended pleas, there was a verdict for the plaintiff, and judgment thereon.

McGUIRE & COLLINS, and APPLING & LAMAR, for the appellants.—The court below erred in the organization of the jury.—Code, 1886, §§ 2750, 4299–4314; Acts 1888–89, p. 77; *Brassell v. The State*, 91 Ala. 45. As to the pleas setting up adverse possession of the lands by third party.—*Hinton v. Nelms*, 13 Ala. 222; *Herbert v. Hanrick*, 16 Ala. 581; *Bernstein v. Humes*, 60 Ala. 582; *Ib.* 71 Ala. 260; 12 Amer. & Eng. Encyp. of Law, p. 209; Code, 1886, § 1023; *Miller v. State*, 38 Ala. 600; *Molton v. Henderson*, 62 Ala. 426; Bish. on Cont. § 24; Lawson's, Rights, R. & Pract., p. 3761, § 2244;

*Ib.* p. 3784, § 2264. Public officers are presumed to do their duty, 3 Brick. Dig. p. 408, Sec. 33; *Guesnard v. L. & N. R. R.*, 76 Ala. 453. It is also presumed that sworn officers do their duty.—3 Brick. Dig. p. 760, Sec. 44; *Auditor v. Jackson County*, 65 Ala. 142. The township superintendent of public schools is a public or sworn officer, or (as in this and some other counties under Acts 1882–3 p. 606) township trustees are public or sworn officers.—19 Am. & Eng, Encp. p. 380; Con. of Alabama, Art. 15, Sec. 1; Code of 1886, Sec. 249. Section 1045, Code of 1886, makes it the duty of the township superintendent (trustee in this county) to give the purchaser of school land "a certificate of purchase;" and section 1046 of said Code says that such certificate "conveys to the purchaser, his heirs, or assigns, a conditional estate in fee, to be absolute on the payment of the purchase money.

The law presumes that these trustees did their duty and gave to the purchaser, W. J. Jones, the proper certificate of purchase, and that such sale and certificate entitled him (said Jones) to be placed in possession of the land purchased by him, and for which the notes sued on were given, and unless he had been placed in possession thereof, or could lawfully take possession, or be placed in possession by the vendor he has a right to rescind said sale and should not be forced to pay said notes. As no patent has been made and he has not obtained possession, and the purchase money has not been paid, the contract is executory and not executed, and defendants' pleas are a good defense to the action.—*Cullum v. Branch Bank Mobile*, 4 Ala. 21; 2 Kent, 373; 1 Sugden on Vendors, 398 (Marg. 339); *Dexter v. Nelson*, 6 Ala. 68; *Hinton v. Nelms*, 13 Ala. 222; *Flinn v. Barber*, 64 Ala. 193; *Bridges v. McClendon*, 56 Ala. 327. The demurrers that set up a failure to allege in pleas that the title to said lands was warranted and that the vendor claimed to have title to said lands are not well taken, because the law implies a promise by the vendor that he had title,—2 Brick. Dig. p. 508, sec. 35; the right to a good title is one implied by law and is not one growing out of the contract, *Ib.* A sound price calls for a sound title, 93 Ala. 254; 67 Ala. 229; 23 Ala. 512. If defendants can not avail themselves of the defense set up in their pleas of failure of consideration, want of title in plaintiff, &c., to which pleas demurrers were sustained, then they are remediless, and will suffer an injury without a remedy, since the State can not be sued in law or in equity.—Art. I, Sec. 15, Const. of Ala.; Code of 1886, p. 22; *Comer v. Bankhead*, 70 Ala. 493.

[Jones et al. v. State, to use, &c.]

COLEMAN & SOWELL, for the appellee.—The first defense set up by the pleas is that at the time of the sale the lands were in the adverse possession of other parties. This fact did not affect the validity of sale between the parties thereto. *Yarborough v. Avant,* 66 Ala. 526; *Davis v. Curry,* 85 Ala. 133. The allegation in the pleas that the plaintiff cannot put defendant in possession is a mere conclusion of law by the pleader, which the demurrer does not admit.—*Dickerson v. Winslow,* 11 S. R., 918. The defense set up that plaintiff has made no deed conveying the title to these lands to the defendants, may or may not be a defense, according to the terms of the contract of sale. If the payment of the note was a condition precedent to obtaining a conveyance, no duty devolved on the plaintiff to do so until after the note was paid. If the contract made the execution of a conveyance a condition precedent, then it is a defense.— *Hardy v. Br. Bank,* 15 Ala. 722. The third plea interposed in the case in 15 Ala., is very similar to these which set up this defense, and the latter are defective for the same reasons. The pleas are also defective in not setting out the contract.—*Matthews v. Evans,* 9 Ala. 643. The fact that the title was in a third party, may or it may not be a defense to a suit brought on a note given for the purchase money of lands. If the vendee is in possession of the property he can not defeat an action of this kind as has been held by the Supreme Court of this State from the case of *Larkin v. Bank,* 9 Porter, 434, to *Frank v. Riggs,* 11 Southern Reporter, 359. Neither fraud nor failure of consideration is a good defense at law to a note given for the purchase money of land, when the vendee has accepted from the vendor a deed.—*Patton v. England,* 15 Ala. 69; *Cullum v. Br. Bank,* 4 Ala. 21; *Stark v. Hill,* 6 Ala. 785. These pleas do not negative the existence of these facts, and under the rule laid down in *Hardy v. Br. Bank, supra,* they are defective, and are also defective in not setting out what the contract of purchase was.—*Matthew v. Evans, supra.* Nor can the other pleas be looked to for the purpose of supplying any defect in these pleas.—2 Brick. Dig., p. 349, sec. 313. Even if the court is of the opinion that there is sufficient in the record to show that these were school lands, they can not say that the contract was the one contemplated by the Code, secs. 1033 to 1057; a valid sale could have been made without conforming to these provisions; section 1042 of the Code made these provisions merely directory. In addition thereto the appellants were not entitled to a certificate of purchase until they made cash payment, Code, § 1045, nor to a

[Jones et al. v. State, to use, &c.]

patent until all purchase money had been paid.—Code, sec. 1050.

McCLELLAN, J.—This action is prosecuted by the State to the use of Township Sixteen, Range Six in Walker county, against W. J., R. L. and A. J. Jones upon certain notes executed by the defendants, payable to the plaintiff for the use of said township. The case went to the jury on the general issue, and there was verdict and judgment for plaintiff. The main questions presented by this record appear, however, to have relation to the sufficiency of several special pleas which were held bad on plaintiff's demurrer.

In considering this action of the trial court we are to keep in mind two familiar general principles especially applicable to pleas, and which have a field of operation in this case. One of these is that each plea must state facts that the court may be able to say from reading it in connection with the complaint "that it is an answer to the action, and that the plaintiff may understandingly reply to it."—*Hardy et al. v. Branch Bank*, 15 Ala. 722. And the other, which indeed results from that just stated, is that a particular plea can not be aided by reference to another or other pleas, unless such other pleas are made a part of it by express reference. "One plea can not be taken advantage of, except when they are connected by a reference, to help or vitiate another, for every plea must stand or fall by itself."—*Pope v. Welsh's Adm'r*, 18 Ala. 631; *Clements v. Cribbs & Covington*, 19 Ala. 241; *Wright v. Lindsay*, 20 Ala. 428.

Certain of these special pleas allege that the notes sued on were given for the purchase-money of land sold by the plaintiff to one of the defendants, that the purchaser was not put, and has never been, in possession, and that he is unable to recover possession and the plaintiff is unable to put him in possession. So far as these averments of inability of the purchaser to take, and of plaintiff to put him in, possession are concerned, the plea is not a statement of facts but of the pleader's conclusions of law, and these conclusions are not confessed by the demurrer. The *facts* averred in this connection are not sufficient to constitute a defense to the action for it does not appear but that by the terms of the sale possession was not to pass until after the payment of the purchase-money evidenced by the notes sued on.—*Matthews v. Evans*, 9 Ala. 643.

Others of the pleas assert that plaintiff had no title to the land for the purchase-money of which the notes were given, at the time of the sale or since or at the time of the

[Jones et al. v. State, to use, &c.]

trial. These pleas do not aver that the plaintiff has not executed a conveyance to the purchaser or that, whether a deed has been made or not, the purchaser is not in possession of the land. And in these respects the pleas under consideration can not derive any aid from other pleas which negative the purchaser's possession, nor from yet others which negative a conveyance to him by the plaintiff. Tested within their own averments, as they must be on the principle announced above, they are bad on two grounds. First, for aught that is alleged, the purchaser has received a conveyance to the land, and this though the plaintiff may have been without title, and in that case the want of title in plaintiff would be no defense to this action.—*Cullum v. Branch Bank*, 4 Ala. 21; *Stark v. Hill*, 6 Ala. 785; *Patton v. England*, 15 Ala. 69; *Kelly's Heirs v. Allen*, 54 Ala. 663. And in the second place, it was essential to the purchaser's right to defend this action because of the plaintiff's want of title that he should have been out of possession, and this these pleas fail to aver.—*Larkin v. Bank of Montgomery*, 9 Port. 434; *Clements v. Loggins*, 1 Ala. 622; *Kelly's Heirs v. Allen*, 34 Ala. 663.

The defendants further pleaded that the purchaser of the land had not received any conveyance from the vendor. The insufficiency of this fact, standing alone as it does in the pleas filed here, to constitute a defense to the action was adjudged by this court in the strikingly similar case of *Hardy v. Branch Bank*, 15 Ala. 722; and we can not do better than to rest our concurrence in the trial court's judgment on the demurrers to these pleas upon that case and the reason given for the conclusion there reached.

Several of the special pleas rely upon the fact, as averred in them, that at the time of the sale the land was in the adverse possession of third parties who held it under a claim of title, as a defense to the action, on the theories that in consequence of such outstanding adverse possession the sale and the notes were absolutely void, and that, whether so void or not, the fact pleaded involved a failure or want of consideration to support defendant's promises to pay for the land. There is no merit in either position. The sale was void only as against the adverse holders: as between the vendor and vendee it was a perfectly valid one; and the outstanding possession did not involve or the fact of it demonstrate a want or failure of consideration, for *non constat* but that the plaintiff will recover the land from those in possession, and transmit the possession thus acquired to the purchaser within the terms of the contract of sale.—*Harvey v.*

[Hawkins Lumber Co. v. Brown et al.]

*Carlisle*, 23 Ala. 637; *Abernathy v. Boazman*, 24 Ala. 189; *Yarbrough's Adm'r v. Avant*, 85 Ala. 133; *Brunson v. Morgan*, 86 Ala. 318; *Davis v. Curry*, 85 Ala. 133.

In respect of the question sought to be made by an assignment of error and in argument upon the organization of the jury, it will suffice to say that the point was not raised on the trial or before entering upon the trial, and, of course, no exception was reserved.—*Hawk v. State*, 84 Ala. 6.

It was not necessary for the judgment entry to affirm that the jury was duly organized. The organization is shown by other parts of the record, and it is to be presumed that "a jury of good and lawful men" is a properly organized jury.

The rulings of the Circuit Court on the demurrers to the special pleas are free from error, and its judgment is affirmed;