JULY, 1828.

## CHRISTIAN v. SCOTT.

1. A purchaser of land cannot resist the payment of the purchase money, for defects in the vendor's title, when he has taken possession and remains in the quiet enjoyment of the premises.
2. Although the vendor made fraudulent representations as to the goodness of his title at the time of sale.
3. If there is fraud in the sale, but the purchaser after ascertaining it, goes on to take and retain possession, he cannot set up the fraud as a defence to an action for the purchase money.
4. There is not such a failure of consideration as will defeat the recovery, if possession be delivered and retained under the contract.

THIS was an action of debt by the plaintiff in error, who was plaintiff below, in the County Court of Madison county, to recover of Scott on two notes for $2000 each, both dated the 20th of April, 1820. The defendant pleaded a failure of consideration, and also fraud. The notes were originally payable to one Evans, and were assigned to the plaintiff.

At the trial, it was proved that the notes were given in part consideration of a tract of land, sold for about eleven thousand dollars by Evans to the defendant; that at the time of the sale, Evans declared his title fair and free from all incumbrances   The defendant also gave in evidence a deed made by Evans to one Brandon, for the land, on the 17th of April, 1820, in trust, &c. and that three days after, on the 20th, Evans executed his deed for the same land to the defendant; that a few days after, the defendant went to take possession of the land, and found Evans there, and charged him with the deceit as to the title, which Evans did not deny. The defendant however, took possession of the land and remained in quiet possession ever since.   After the defendant took possession; and after the notes were transferred to the plaintiff, they were presented to the defendant by an agent of the plaintiff, for payment, when Scott said he had a thought of advertising the notes, but as he had it, he would pay two hundred dollars; which he did pay, and which payment was credited on one of the notes. The plaintiff's counsel moved the Court to instruct the jury, "that if they believed from the evidence that the defendant had taken possession of the said land sold and conveyed, and for

which the notes sued on were given, and had been from the period of such sale to the present time, in the quiet and uninterrupted possession and ownership thereof, notwithstanding any fraudulent representations which had been made by Evans in relation to his title, then in that case, they must find for the plaintiff in the action.' On which the Court did charge, that if Evans did make such fraudulent representations as would have avoided the contract, yet, that if Scott received possession of the land and carried the contract into execution by taking on himself the ownership, that payment of the notes could not be resisted under the plea of fraud; and then further charged the jury on motion of the defendant, that "if they believed the consideration of the notes was the land conveyed, and that Evans had before the sale to Scott, divested himself of title to the land, that then the consideration for the notes had entirely failed, and that they must find for the defendant." The jury on this charge found for the defendant. The plaintiff excepted to the charge, and assigns it as error.

JULY 1828.

Christian
v.
Scott.

THORNTON, BRANDON and HUTCHINSON, for the plaintiff, contended that the failure of consideration could only be partial, and therefore the plea was not sustained. The possession which was given and uninterruptedly enjoyed, was a thing valuable in itself, and was given in pursuance of the contract, and was a thing in contemplation of the parties at the time of contracting. Possession being worth something, is to be considered as part of the purchase of the land. [a] Bare possession will ultimately grow into a good title, and therefore its delivery may prove the foundation of a complete title. It is sufficient to enable the possessor to contract for and receive rent, without color of title. Reason tells us that a man shall not say that he has not that which he enjoys every day. The vendor cannot get back the possession; he would be estopped by his deed, and the outstanding title may never be asserted; and if it is not, within twenty years, the title is complete. A partial failure of consideration cannot be urged at law. [b]

Again, there can be no failure of consideration unless the plea avers, and the party proves, eviction from the premises by title paramount. No action will lie by a vendee of real estate against his vendor, to recover damages for a breach of warranty without an eviction, [c] and the reason here is the same. If Scott had paid the whole of the

[a] 14 East. 486. 1 Marshall 176. 7 John. 206-7. 2 Blk. Com. titles by possession merely.

[b] 2 Wheat. 13,16. Sugden on Vendors 312. [c] 4 Taunton 329. 2 John. 1, 395. 7 John. 259,376. 11 John. 122. 2 Wheaton 62, note e. 4 Haywood 200. Sugden on Vendors 180-1. 2 Wash. 432. 1 Marshall 389, 390.

JULY 1828.

Christian
v.
Scott.

purchase money, he could not recover it back till he was evicted, and for the same reason he cannot resist payment. While he retains possession, no superior title can be presumed or proved at law; for until possession is acquired by the adverse claimant, his title is not complete; possession is requisite to make a title complete. Scott discovered the defect of the title before he completed his possession; if he relied on the fraud he should have immediately rescinded the contract, and not carried it into execution. <sup>a</sup> In sales of land, the warranty extends no farther than is expressed in the deed; the deed binds Evans to defend the title, but it is not yet impeached by any one; for any thing further, *caveat emptor* applies. <sup>b</sup> The deed from Evans to Scott shews the terms and stipulations of the contract, and no parol evidence can be admitted to vary it; <sup>c</sup> it does not contain a covenant that there is no incumbrance.

*a* 2 Wheaton 17.
2 John. 403.

*b* 2 Dallas 91.
2 J.R. Com. 451.
2 Caines 191.

*c* Roberts on Frauds 70, Laws Ala. 244. 3 Hen. and Munf. 288.

A further objection to the charge of the Court is, that it left a point of law for the jury to decide.

An innocent assignee without notice, not tainted with fraud or misconduct, is entitled to favor, and to every reasonable lenity from the Court.

CLAY, M'CLUNG and HOPKINS for the defendant.

JUDGE CRENSHAW delivered the opinion of the Court.

*In relation to the instruction requested by the plaintiff's counsel in the County Court, we are of opinion that it clearly arose out of the testimony presented on the trial, that it was legal and proper, and should have been given by the Judge to the jury.*

As to the charge given by the Court at the request of the defendant's counsel, we think it was improper, because it was illegal and did not arise out of the testimony. It does not appear that there was any evidence going to prove that Evans had divested himself of title. The deed of trust was truly an incumbrance on the land, but cannot be considered as an absolute conveyance by which Evans had parted with all his right and title; and whether Evans had or had not parted with his title, there was not a total failure of consideration, for the vendee had the use and occupation of the land from the period of the sale to the present time, which was a benefit to him, and therefore in law, was some consideration. As to the fraudulent rep-

JULY 1828.

Christian
v.
Scott.

resentation made at the time of the sale, by the vendor to the vendee, that the land was free from incumbrance, it appears that the vendee knew of the incumbrance when he took possession of the land; yet instead of rescinding the contract of sale, he confirmed the same, and acquiesced in the fraud, if any, by taking and continuing in possession, and afterwards paying a part of the purchase money.

If there was a fraudulent representation, the vendee might have rescinded the contract as soon as he discovered the fraud; but having acquiesced in the fraud, and proceeded to take the benefit of the contract, he cannot rely on this ground to avoid the payment of the purchase money.

Perhaps in an action of covenant on the warranty expressed in the deed or implied in law, a subsisting incumbrance at the time of the sale, would be evidence of a breach of covenant, and support the action without an eviction by title paramount; but we do not undertake to settle this principle, not thinking it necessary in the present case.

We are all of opinion that if the vendee with a knowledge of the incumbrance, took possession of the land, and has continued in the quiet and undisturbed possession of the same, though there was a fraudulent representation as to the title at the time of sale, he is yet bound to pay to the vendor or his assignee, the purchase money agreed to be paid.    The judgement of the County Court is reversed and the cause remanded.

JUDGE TAYLOR not sitting.

NOTE.   See a previous trial of this cause reported in Minor's Ala. Rep p. 354.