Dunn, use, &c. v. White and McCurdy.

DUNN, USE, &c. v. WHITE AND McCURDY.

1. The payment of an outstanding incumbrance by a purchaser of land, with a covenant, either express or implied from the vendors, against incumbrances, cannot be the subject of an off-set, in a suit for the purchase money of the land.
2. Unliquidated damages cannot be the subject of an off-set.
3. A partial failure of consideration, is not a good defence by a purchaser of land in possession with warranty, when sued for the purchase money.
4. Knowledge of an existing incumbrance on land at the time of the purchase, will not prevent the vendee, from resorting to the same on his covenant, for the amount paid in discharge of the incumbrance.

Error to the Circuit Court of Wilcox County.

ASSUMPSIT by plaintiff in error against defendants in error.

Pleas : non assumpsit, payment, set-off, failure of consideration, fraud and deceit.   Issue in short by consent.

On the trial, the defendants proved that the note sued on was given by them to the plaintiff, on the purchase of a tract of land ; that after the purchase, the land was sold by virtue of an execution against the plaintiff, on a judgment which existed at the time of the purchase of the land by the defendants from the plaintiffs.   At the sale they became the purchasers of the land. It was proved that at the time of the purchase by the defendants from the plaintiff, that they knew of the judgment against the plaintiff under which they purchased ; and also, that they had never been dispossessed of the land.   Upon this evidence, the attorney for the plaintiff, moved the court to charge the jury that if the defendants knew of the judgment against the plaintiff when they purchased the land, that the plaintiff was entitled to recover the full amount of the note ; which the court refused, and charged the jury, that even if the defendants were apprized of the existence of the judgment, and of the land being bound by it, still they could not find a verdict for the full amount of the note, but ought in their verdict to deduct the amount of

the execution under which the land was sold, from the amount of the note given for the purchase money.

The plaintiff further moved the court to charge the jury, that the plaintiff was entitled to a verdict for the full amount of the note sued on, if it had not been shown in evidence, that the land had been recovered from the defendants, by an action at law, by some person claiming under said sheriff's sale, or that that the defendants were dispossessed by course of law, or otherwise, by reason of the sale of the land by the sheriff. And further, that the sale of the land by the sheriff was not sufficient to warrant the jury in making a deduction to the amount of the execution aforesaid ; which instructions the court refused, and charged the jury, that if the defendants enjoyed the quiet possession of the land, the plaintiff ought to recover the full amount of the note ; and that it was not necessary to show that a recovery had been had against them, by any one claiming the land by virtue of the sheriff's sale, or that they had been dispossessed thereof in any manner, to warrant the jury in allowing the amount paid under the sale, by virtue of said execution.

The plaintiff excepted to the refusal to charge, and to the charges given, and now assigns them as error.

PROCTOR, for plaintiff in error.

ORMOND, J.—There can be no doubt, that a vendee of land has the right to extinguish out-standing incumbrances, and charge the vendor with the amount thus paid to perfect his title, if the vendor has entered into a covenant with him, that the estate is free from incumbrance. Nor can this right be impaired, by the vendees knowledge previous to the purchase, that such incumbrance existed, as he might well suppose, that the vendor would discharge it.

We are not informed in the bill of exceptions, whether any conveyance was made to the defendant in error, and if there was, what was its character; we shall, therefore assume, that there was one executed, containing either an express or implied

Dunn, use, &c. v. White and McCurdy.

covenant, under the statute, that the land was free from incum-
brance, as it is not conceivable on any other hypothesis, how
the right to set off or discount in payment, the amount paid to
extinguish the incumbrance could arise or come in question.

Assuming this to be the true state of the case, the allowance
could not be made under the plea of set off.   Our statute allow-
ing mutual debts to be set off, is a substantial copy of the two
acts of 2 and 8 George II. on that subject.   Under these acts it
has been held, that unliquidated damages cannot be the subject of
an off set, although secured by a bond with penalty, but can only
be allowed in such cases where a bond is given with a penalty,
for the payment of a *certain* sum of money.

Now in this case it is most manifest, that the covenant against
incumbrances, is for an uncertain and unliquidated amount, and
therefore, cannot be the subject of a set-off.

The next question is, can the sum paid in discharge of the
judgment, be allowed the defendant, under the plea of failure of
the consideration.   We are of opinion that it cannot.   In the
case of Peden v. Moore, 1 Stewart and Porter 71, a partial fail-
ure of consideration was permitted to be proved in the case of
a note given for personal property, but it was intimated that
where real estate was the subject of the contract, the rule should
be different.

In Wilson v. Jordan, 3 Stewart and Porter 72, the court held
that it could not be shown in an action for the purchase money
of land, that the vendor had not title; there being no eviction,
and no fraud alledged.   It is intimated in the opinion in that
case, that no difference should exist between sales of real and
personal property, as to allowing the defence of total or partial
failure of consideration to be made; but the case did not call for
the expression of any opinion on that point, and it cannot, there-
fore, be regarded as authoritative.

We do not think, that on principle the right to reduce the
amount agreed to be given for the purchase of land, by proof of
a partial or total failure of the considerition, can be sustained
when the contract has been executed, by deed with warranty.

Not only is there a security of a higher nature, the covenant against incumbrances, but it would involve the jury in the investigation of matters either foreign to the question before them, or not proper for their investigation. Thus, if the defendant seeks to reduce the amount of a note given for the purchase of land, either in whole or in part, by proving that he had paid off an outstanding incumbrance, it would certainly be open to the plaintiff to show, that *he* was not bound to discharge the incumbrance, from some illegality in the consideration, or that he had himself discharged it—such an inquiry might involve an examination of intricate accounts between the plaintiff and the incumbrancer, such as a court of equity could alone, with propriety, adjust.

No case like the present has been brought to the notice of the court, in which this defence has been allowed, and we are not willing to establish such a precedent, although many of the difficulties which we have supposed, do not exist in this case; as the incumbrance paid off by the defendant was a judgment lien on the land.

In Miller v. Watson, 5 Cow's Rep. 195, the facts were, that Watson had sold Miller a tract of land with warranty; an action of ejectment being brought against Miller to recover the land, Watson admitted that the title he had conveyed had failed,—struck a balance of what would be due to Miller, and promised in writing to pay it. The action was brought on this promise, and the court held it could not be maintained, on the ground that in judgment of law it was a promise to perform the covenant, which was a security of a higher nature, and that the action must be founded on it. The reason of this decision is fully in point, for the right to reduce the recovery on a suit for the purchase money, by proof of the payment of an incumbrance, cannot stand on higher ground, than the right to bring an action on an express promise to pay the sum so paid by the other party, in discharge of the incumbrance.

In the case of Bumpass v. Platten and others, 1 Jhs. Ch. Rep. 247, which was a bill filed to vacate a bond and mortgage, on

Dunn, use, &c. v. White and McCurdy.

the ground of total failure of the consideration, Chancellor Kent lays down the rule in a court of equity to be, that no relief can be had on the ground of failure of consideration, when there has been no eviction, and that resort must be had to the covenants in the deed. [See also 5 Littell's Rep. 247.] Such has also been repeatedly held to be the rule at-law in this court; and it would be strange if a total failure of the consideration would not avail without an eviction, that partial failure would be a good defence under the same circumstances.

In the case of the sale of a chattel with warranty, the rule has been relaxed, so as to permit a total or partial failure of the consideration, to be given in evidence in an action for the purchase money; but so many and such cogent objections exist, against permitting this to be done in the case of the sale of land, where the contract is executed, that we are unwilling to extend the principle any further than has already been done.

Let the judgment be reversed and the cause remanded.