## KNIGHT v. TURNER'S EX'R.

1. Where in an action on a promissory note given for the purchase money of land, the plaintiff consents to receive pleas informally and briefly stated upon the papers, thus: "Failure of consideration. Fraudulent representation, by which the defendant was induced to make the purchase of plaintiff's testator," and merely denies their truth by replications on which issues are submitted to a jury; it will be intended that the pleas severally alledged such facts as established in point of law a failure of the consideration for which the note was given; and a fraudulent representation by the testator in respect to the consideration which induced the defendant to

make the contract; and that the defendant was in a condition to avail himself of such defences. Evidence on the part of the defendant, which does not support these issues should therefore be rejected.

2. Where the purchaser of lands accepts a deed with the usual covenants of warranty, takes possession and retains it, he cannot resist the payment of the purchase money by defence at law to an action brought for its recovery.

Writ of Error to the Circuit Court of Macon.

This was an action of assumpsit at the suit of the defendants in error, to recover the amount of a promissory note made on the 7th October, 1843, by which the plaintiff promised to pay to their testator, $1,065 on the first day of January, 1846. The cause was tried by a jury, a verdict returned for the plaintiffs, and judgment thereon rendered.

From a bill of exceptions sealed at the defendant's instance, it appears that it was admitted, the note sued on was given for the purchase of a tract of land, which the defendant made of the plaintiff's testator. At the time of the purchase, a deed with the usual covenants of warranty was executed, and the defendant took possession and still retains it.

The defendant then offered to prove, that previous to the consummation of the contract, as well as when it was completed, he said to the testator that he would not purchsa ean unhealthy place, but wanted a healthy location for a family residence ; to which the testator remarked, that the lands in question were unobjectionable, as it respected the healthfulness of their situation. He further proposed to show, by testimony, that they had been unhealthy, that the testator was aware of it—and, in fact, his family had been very sickly immediately before the sale to him, and that the unhealthiness of the location had induced the testator to sell. It was also proposed to show, that the testator, immediately after the sale by him, purchased other lands in the same neighborhood, and that the tract sold to the defendant had been very sickly ever since he became its proprietor. All which testimony thus offered by the defendant was excluded by the court.

G. W. Gunn, for the plaintiff in error, insisted that the ev-

idence offered by the defendant was admissible, that it tended to establish fraud and deceit ou the part of the testator; and notwithstanding the defendant's uninterrupted and continued possession, the defence was available at law. [3 Stew. & P. Rep. 99.; 1 Sergt. & R. Rep. 42; 11 Johns. Rep. 50; 1 N. & McRep. 78; 2 Id. 184, 186, 189; Sugden on Vend. 639; Doug. Rep. 654; Fonb. Eq. 362; 9 B. & C. R. 522; 3 Porter's Rep. 355; 4 Id. 431; 9 Id. 675; 13 Johns. Rep. 257, 302; 15 Id. 230; 3 Stew. & P. Rep. 322; 12 Wheat. Rep. 183; 4 Mass. Rep. 502; 3 Stew. & P. Rep. 330; 1 Bay's Rep. 250, 376; Powell on Con. 147 to 149. 1 McC. Rep. 122; 1 Dess. Rep. 433; Gilmer's Rep. 159.]

Cullum v. The Branch Bank at Mobile, 4 Ala. Rep. 21, and Stark, et al. v. Hill, 6 Id. 785, are unlike the present. There the fraud related to the title, in respect to which there were covenants of warranty; but here the covenants do not stipulate to answer for the fraud.

The evidence was adapted to the pleadings, and whether the pleas were good or not, it should have been admitted. [2 Stew. Rep. 433; 3 Porter's Rep. 287.]

S. F. RICE, for the defendant in error, cited 3 Ala. Rep. 406; 4 Id. 21, 99; 6 Id. 785, and insisted, that if the defence relied on by the proof was available, it must be asserted in equity.

COLLIER, C. J.—The pleas upon which the record affirms the cause was submitted to the jury, are—" 1. *Non assumpsit*. 2. Failure of Consideration. 3. Fraudulent representation, by which the defendant was induced to make the purchase of plaintiff's testator." The form of the first plea is indicated by its title; but the most liberal construction that can be indulged in respect to the second and third, as they were received by the plaintiff, is, that they severally alledged such a state of facts as established in point of law a failure of the consideration for which the note was given, and a fraudulent representation by the testator in respect to the consideration, which induced the defendant to make the contract, and that the defendant was in a condition to defeat the the action, by showing such fraud. In this view it is perfectly

clear, that the pleas do not tolerate the admission of illegal evidence, and that no testimony was competent which does not tend to make out a legal defence, coming within the issues as we have supposed them to be framed.    The question then is, does the evidence offered furnish a bar to the plaintiff's right to recover, either in whole or in part.

In Cullum v. The Branch Bank at Mobile, 4 Ala. Rep. 21, it was held, that where a contract for the sale of real estate has been executed by the acceptance of a conveyance by the purchaser, fraud does not constitute a defence at law in an action for the purchase money ; but the remedy of the vendee is in equity.    At an early day it was decided by our predecessors, that where the purchaser had taken possession and received a conveyance from the vendor, he could not resist the payment of the purchase money by proving that the latter made fraudulent representations as to his title. [1 Stew. Rep. 490.]    This decision has never been departed from, but repeatedly recognized by us.    In Dunn v. White & McCurdy, 1 Ala. R. N. S. 645, we determined that a partial failure of consideration was not an available defence to an action for the purchase money of lands of which the purchaser retained the possession.    And even in respect to personal property, we have decided that, if the vendee does not rescind the contract upon discovering the vendor has committed a fraud, he cannot avoid the payment of the purchase money *in toto*—the deduction, *if any*, can only be to the extent of the injury which the vendee has sustained by the fraud. [2 Ala. Rep. 181, 749 ; 3 Stewt. & P. Rep. 322.]

This view of the law, as ascertained by our own adjudications, is conclusive to show, that the evidence offered by the defendant at the trial, is no answer to the action and could not reduce the plaintiff's recovery below the amount of the note. *If he has a remedy in any forum*, a question which we need not now consider, it must be asserted in equity.    The judgment is consequently affirmed.