| 15 | 69 |
| --- | --- |
| 100 | 216 |

## PATTON v. ENGLAND.

1. Neither fraud nor failure of consideration is a good defence at law to a note given for the purchase money of land, when the vendee has accepted from the vendor a deed with covenant af warranty.

Error to the Circuit Court of Cherokee, before the Hon. G. D. Shortridge.

THIS was an action of assumpsit instituted by defendant against plaintiff in error, to recover the amount of six promissory notes, which had been given for the purchase money of a tract of land. The case went to the jury on the plea of the general issue, with leave to give in evidence any special matter in bar. The bill of exceptions discloses the following facts: During the negotiation preceding the purchase, the defendant pointed out to plaintiff the corner posts and lines of the land, and represented, although he knew such was not the truth, that the tract of land included a certain dwelling and outhouses, with a mill and water fall. On the conclusion of the purchase, the plaintiff executed the notes sued on, and the defendant a bond for titles, and immediately afterwards the plaintiff went into possession of the dwelling house, mills, &c., and has continued in possession ever since. The tract of land did not include those improvements, but they were on another lot of land, and the tract sold by defendant to plaintiff was almost valueless without them. Subsequently to the sale, and before the institution of the suit, the plaintiff accepted a deed, with covenant of warranty from defendant for the land embraced in the bond.

The court instructed the jury that if they believed all the evidence, they must find in favor of the plaintiff below for the full amount of the notes. To this charge the defendant below excepted, and now assigns it as error.

WALKER and RICE, for plaintiff in error.

1. When there is a fraud in the sale of land, and by fraud the vendee is induced to give his notes, and to accept a bond and deed, and upon the discovery of the fraud, the vendee offers to rescind the contract, and the land mentioned in the bond and deed is worthless, and the vendee never had possession of it, but was in possession of other land which was falsely and fraudulently represented to be the land mentioned in the deed and bond, and the vendee promptly offers to abandon the possession of this, and to give up the bond and deed, the vendee may defend at law upon these facts, when sued upon the notes.

2. An offer to rescind, although not accepted, is in its ef-

fect upon the remedy, equivalent to a rescission. Clements v. Loggins, 2 Ala. 514.

3. The land conveyed being totally worthless, distinguishes this case from all others decided by this court, and renders a resort to chancery unnecessary. If the land conveyed had been of any value, then a resort to chancery might be necessary.

4. The vendee never had possession of the land conveyed, and the contract being rescinded by his offer to rescind, the vendor's deed will be rendered void, or it will give the vendor a right to call on the vendee for a re-conveyance.

5. The sale was effected by the grossest fraud on the part of plaintiff, who falsely represented the mills and other improvements to have been on the land conveyed, when he knew they were not. The land conveyed was absolutely worthless, and was never in the actual possession of the purchaser within a reasonable time, and as soon as he discovered the fraud, the purchaser offered to rescind. If in such case as this the purchaser cannot defend at law, there is no conceivable case where he can defend. In this case there was both fraud and a total failure of consideration. No verdict could have been properly authorized by the court, except for plaintiff's work and labor, and for the mill irons. Knight v. Turner's Ex'rs, 11 Ala. 639.

L. E. PARSONS, contra.

1. The sole question in this case is, whether a vendee can defend an action for the purchase money, where he has accepted a deed and gone into, and still retains the possession of the property purchased—it being land and mills. Christian v. Scott, 1 Stew. 490; Clements v. Loggins, 1 Ala. 622; Dunn, use, &c. v. White, et al. Ib. 645; Duncan v. Jeter, 5 Ib. 604; Larkin v. Bank, 4 Porter, 434; Young v. Harris, 2 Ala. 108; Camp v. Camp, 2 Ib. 632; Starkie v. Hill, 6 Ib. 785; Knight v. Turner, 11 Ib. 636; 3 Ib. 406; 9 Ib. 776.

CHILTON, J.—This case comes substantially within the influence of several decisions of this court, and which we must regard as decisive of it. Although the mills and water fall, as well as the residence, are not on the land sold, as

they were falsely and fraudulently represented to be by the defendant in error, sttll the purchaser received the possession of them, and derived some benefit under the contract, and has also accepted a deed with general warranty of title. The cases of Cullum v. Branch Bank of Mobile, 4 Ala. Rep. 21, and Stark et al. v. Hill, 6 Ib. 785, determine, that if the purchaser accept a deed with warranty, he cannot set up either fraud, or failure of consideration, at law, as a defence to an action by the vendor upon the notes given for the purchase money of land. With these decisions we are content. If the object be to rescind the contract, most certainly the court of equity is the most appropriate forum, as in that court alone can complete justice be done to all the parties. See cases on defendant's brief.

There is no error in the record, and the judgment is consequently affirmed.