## HOMER vs. PURSER.

1. A., supposing that he had title to a tract of land of which B. had possession, agreed to sell it to him, and executed a conveyance, with full covenants. It afterwards appeared, that A. had no title to the particular tract agreed to be sold, and that his deed to B. conveyed another tract, to which A. had title. Upon discovering the mistake, B. offered to return the deed, and to rescind the contract, which A. refused. Thereupon, B. sued at law to recover the purchase money, which he had paid. *Held,*
That he could not recover, and that equity alone could afford relief.

ERROR to the Circuit Court of Marion.
Tried before the Hon. Turner Reavis.

THIS suit was commenced by Moses Purser against James W. Homer, before a justice of the peace, to recover the sum of fifty dollars. After the rendition of judgment by the justice, the cause was removed to the Circuit Court by *certiorari*.

Upon the trial in the Circuit Court, it appeared, that the plaintiff resided on a forty acre tract of public land, and the defendant informed him that he had entered it, and requested the plaintiff to move off of it. Shortly afterwards, the plaintiff purchased the land of the defendant, and gave him fifty dollars in cash, and also gave him his note for sixteen hundred pounds of seed cotton. The defendant executed a deed with full covenants, and at the time of the sale thought that he was conveying the land on which the plaintiff resided, and the plaintiff believed he was acquiring a title to that particular land. It afterwards appeared, that the defendant had not entered that tract of land, but another piece about a mile from it, and the deed conveyed the land he had actually entered, and not the land on which the plaintiff resided, which was still vacant, but subsequently had been entered by another. After the mistake was discovered, the plaintiff offered to return the deed to the defendant, which had not been recorded, and demanded a rescission of the contract; but the defendant refused to accept it, or to rescind the contract. Upon these facts, the court instructed the jury, that the plaintiff was entitled to recover, and the defendant excepted.

EARNEST, for the plaintiff in error:

1. A plaintiff holding a deed with full warranty from defendant, cannot recover back the purchase money for the land, on the ground of a fraud or mistake in the deed. Dunn v. White & McCurdy, 1 Ala. Rep. 645; Cullum v. Branch Bank at Mobile, 4 ib. 21; Bird v. Daniel, 9 ib. 302; Knight v. Turner's Ex'r, 11 ib. 636; Patton v. England, 15 ib. 71.

2. A vendee, who would defend a suit for the purchase money, must reconvey and deliver up the possession, so as to place the vendor in *statu quo*. The same doctrine will apply, when the vendee sues to recover back the purchase money.

The mere offer to deliver back the deed does not cancel the contract. The title is vested in the plaintiff by defendant's deed, and can only be divested by a reconveyance. 6 Ala. Rep. 801.

WILLIAM COOPER, *contra*:

1. Homer practiced a fraud on Purser, in pretending to

sell him the tract of land on which Purser lived, and to which Homer had no title whatever; and this fraud renders the contract void. Turnipseed v. McMath, 13 Ala. Rep. 44. Parol proof is good at law to show a fraud in a written contract, as well as in equity. Kennedy v. Kennedy, 2 Ala. Rep. 588; Barnett v. Staunton & Pollard, 2 ib. 187. Ignorance of the truth or falsehood of an assertion, on the part of the speaker, if confided in by the opposite party, and material, does not alter the case; the party speaking must know what he says to be true. 13 Peters', 36; 9 Ala. Rep. 684.

2. The contract was void, for another reason. The land on which Purser lived, and which Homer attempted to sell to him, was *public land*, and therefore every contract to sell it, of whatever description, was absolutely void. Merrell v. Legrand, 1 Howard Miss. 150; Toler v. Armstrong, 4 Wash. C. C. 297; 11 Wheat. 258; 6 Wend. 648. This fraud was cognizable at law, 5 Pick. 348; 5 Johns. 500; 11 ib. 446; 8 Cowen, 370.

3. The cases cited by the plaintiff's counsel only establish the position, that the vendee, *after he has been put in possession*, cannot resist the payment of the purchase money, nor recover it back when paid, on account of incumbrances or defects of title. There the party is driven into equity, because that forum alone can do complete justice. But in this case, the vendee *has not got the possession of any land whatever* by the purchase, nor can the vendor give him the possession.

DARGAN, C. J.—The question in this case is, does the mistake in the sale of the land, connected with the subsequent offer of the plaintiff to return the deed of the defendant to him, and the offer to rescind, entitle the plaintiff to sue at law to recover the purchase money which he had paid. I am of the opinion they do not. If we allow the plaintiff to recover back the purchase money at law, the legal title to the land actually conveyed would still be in him. He may therefore hold on (at law, at least), both to the money and the land. After recovering the money, he would still be the owner of the land conveyed by the deed. The contract, therefore, at law, would not be rescinded, nor the parties placed in *statu quo*. In the case of Cullum v. The Branch

Bank at Mobile, 4 Ala. 21, it appeared, that the note sued on had been given in part payment of a lot of land purchased by Cullum of S. Andrews, and the contract was fully executed by a conveyance with full covenants. It further appeared, that Andrews had fraudulently represented to Cullum, that the lot was free from all incumbrances, when, in truth, he had previously mortgaged it, for a large amount, and by virtue of the mortgage the mortgagee, some time after the sale, took possession of the lot. In that case, as in this, the vendee, when he discovered the true condition of the title, offered to rescind the contract, which Andrews refused to do. Upon these facts, this court held, that at law a recovery must be had, and that equity alone could afford relief. The main principle on which the court relied was, that a court of law was incapable of doing complete justice between the parties, whilst the powers of a court of equity were ample for this purpose. In the case of Knight v. Turner, 11 Ala. Rep. 631, the same principle was again recognized, and, indeed, the whole current of our decisions tends to establish it. See 1 Stewart, 490; Dunn & White v. McCurdy, 1 Ala. Rep. 645.

In the case before us, a court of law is incapable of doing complete justice. It cannot order a reconveyance, or take notice of any incumbrance, that may have been created on the land actually conveyed by the plaintiff since his purchase. But equity can do this. In that forum, complete justice can be done, and protection afforded to both parties. We therefore must remit the plaintiff to that jurisdiction.

Let the judgment be reversed, and the cause remanded.