# KELLY'S HEIRS *vs.* ALLEN.

[BILL IN EQUITY BY PURCHASER FOR COMPENSATON AND INJUNCTION OF ACTION AT LAW ON NOTES FOR PURCHASE-MONEY.]

1. *Mode of computing damages to purchaser on account of misrepresentation of boundary lines.*—In computing the damages to which a purchaser is entitled, by way of compensation, or abatement of the purchase-money, on account of his vendor's falsely representing certain adjacent lands as included within the boundaries of the tract sold, the correct rule is to ascertain the average value, per acre, of the tract actually sold and conveyed, and what would have been its average value if it had included such adjacent lands; the difference between the two amounts being the measure of damages to which the purchaser is entitled.

2. *When purchaser may come into equity, to obtain compensation, or abatement of purchase-money.*—A purchaser's remedy, on account of his vendor's misrepresentations respecting the boundaries of the land, being adequate and complete at law, either by an action for damages before the Code, or by plea of set-off under the Code to an action on the notes given for the purchase-money, he cannot, in the absence of some special equity, maintain a bill in chancery for compensation, or an abatement of the purchase-money but the removal of the vendor from this State, and his subsequent death in a foreign State, where his estate has since been settled up and distributed, afford a special ground for equitable relief, in a case not governed by the Code.

3. *When misrepresentation constitutes fraud; variance.*—A false representation of a material fact by the vendor, though not known by him at the time to

be false, may constitute a fraud on the purchaser; consequently, it is not a material variance, that the vendor's misrepresentation is not proved, though alleged, to have been intentionally false.

4. *Averments of purchaser's bill for compensation.*—When a purchaser files a bill in equity for compensation, or an abatement of the purchase-money, on account of his vendor's misrepresentations respecting the boundaries of the tract, he must allege, either that the quantity of land conveyed to him was less than he contracted for, or that the land falsely represented to be included within the boundaries of the tract was of greater value than the residue, or possessed some peculiar advantages.

5. *Remandment on reversal.*—When a material defect in the bill, to which the attention of the chancellor was not called, is noticed for the first time in the appellate court, on errors assigned by the defendant, the cause will be remanded.

6. *Estoppel en pais against making defense to note.*—If the maker of a note, given for the purchase-money of land, substitutes a new note in its stead, without any new consideration, to a mere voluntary assignee of the vendor, this does not estop him from defending against the new note on account of his vendor's misrepresentations as to the boundaries of the land.

7. *Laches in making defense to note.*—The doctrine of laches, as appled in equity to bills for the enforcement of stale demands, is not applicable to a case in which a party seeks to establish a defense, by way of equitable set-off, against an action at law on a note given for the purchase-money of land.

APPEAL from the Chancery Court of St. Clair. Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 3d March, 1848, by Russell J. Allen, against Andrew J. Crawford, Russell J. Kelly, John D. Fennell, and others, distributees of the estate of George A. Kelly, deceased. Its principal object was to obtain compensation, or an abatement of the purchase-money, agreed to be paid by complainant for a tract of land purchased from said George A. Kelly, on account of alleged misrepresentations respecting the boundaries of the land; also, to enjoin a judgment and pending action at law on notes given for the purchase-money; and the general prayer, for other and further relief, was added. The contract for the sale of the land was made in October, 1839. The alleged fraud consisted of misrepresentations by said Fennell, who acted as the agent of Kelly in making the contract, as to the eastern boundary of the land; he pointing out, as within its limits, about sixty-five acres of rich land which in fact lay outside the eastern boundary. Fennell executed his bond for title, as agent

of Kelly, conditioned to make a good title to the land on the payment of the purchase-money; and Allen entered into possession under the contract. Three notes were given for the purchase-money, each for the sum of $1,776, payable on the 15th January, 1840, 1841, and 1842, respectively. Two of these notes were paid, at or soon after maturity. In the meantime, Kelly removed to Mississippi, and there died, some time during the year 1844; bequeathing the unpaid note, by his last will and testament, to said Russell J. Kelly, Andrew J. Crawford, and John D. Fennell. In July, 1845, this last note was taken up by Allen, who executed to said Kelly, Crawford and Fennell, in lieu of it, his three notes for $709 each, one payable to Kelly, another to Crawford, and the third to one Coleman, who had purchased Fennell's interest. The estate of George A. Kelly was finally settled and distributed in Mississippi, before the commencement of this suit, but no administration was ever had in Alabama. The complainant alleged, that he had discovered the fraud practiced on him within one year before the filing of his bill; that he then insisted on a reduction of the amount due on the note held by Crawford, which the latter refused to allow; that Kelly had obtained a judgment on his note, and Crawford had instituted an action on the note held by him.

Separate answers were filed by the three principal defendants, admitting all the material allegations of the bill, except as to the alleged fraud, which they all denied; and Kelly and Crawford each demurred to the bill for want of equity.

A motion to dismiss the bill, for want of equity, was made before Chancellor LIGON, and overruled by him. On final hearing, on pleadings and proof, Chancellor CLARK rendered a decree for the complainant, and ordered a reference to the master to ascertain the amount of compensation. His directions to the master, in taking the account, were as follows: "It is therefore ordered, that it be referred to the register of this court to inquire and ascertain the quantity of land lying east of the lands embraced in the title-bond mentioned in the pleadings, which

43

were represented by John D. Fennell to be within the boundaries of the land embraced in said title-bond, but which in fact were not; and when he has ascertained the quantity of said lands on the east, he will then inquire and ascertain what would have been the value of said lands, per acre, at the time of the sale of the other lands to complainant, on the terms stated in the title-bond, and considering said lands as embraced in the sale; and when he has thus ascertained the quantity of said lands on the east, and the price, he will then ascertain what would be the value of a corresponding quantity of the land included in the title-bond lying on the west boundary, at the time of said purchase, and on like time and credit, provided the same formed a part of the adjacent lands not belonging to the tract sold; and then he will deduct the same from the allowance for the land beyond the east boundary, so valued by him, and divide the balance into three equal sums, computing interest on one-third from the 15th January, 1840," &c. The master's report, under this order of reference, was heard before Chancellor FOSTER, and by him confirmed.

The errors now assigned are, the overruling of the demurrer to the bill, the rendition of a decree on the merits for the complainant, the instructions to the master in stating the account, and the final decree confirming the master's report.

B. T. POPE, for appellants, made the following points:

1. The bill ought to have been dismissed for want of equity, because the complainant had an adequate remedy at law.—Wilson v. Jordan, 3 Stew. & P. 92; Lewis v. Bibb, 4 Porter, 88; 9 Porter, 434; 6 Ala. 785.

2. The bill does not make out a case for compensation, because it does not aver that the complainant got less land in quantity than he contracted for, nor that the lands outside of his boundaries, which he asserts were represented to be within the boundaries of the tract, possess any greater value than the other lands.

3. The bill shows on its face that the complainant did not act with that promptness and decision which is

required of parties who seek relief in equity. He admits that, within a year after his purchase, he ascertained that there was "some error," which he would have corrected by a survey. Having notice sufficient to put him on inquiry, he neglects to have the lines run by a surveyor, afterwards gives new notes, frequently promises to pay them, and waits more than eight years before filing his bill.—Griggs v. Woodruff, 14 Ala. 15.

4. The evidence fails to establish any fraud or misrepresentation on the part of the vendor or his agent.

5. The instructions to the register, as to the manner of stating the account, were erroneous.—Stow v. Bozeman, 29 Ala. 397.

JAMES B. MARTIN, contra, submitted the case on the chancellor's opinion.

STONE, J.—In giving directions to the register, as to the mode of ascertaining the complainant's damages in this case, the chancellor erred. The correct rule is laid down in Stow v. Bozeman, 29 Ala. 397, and Williams v. Mitchell, 30 Ala. 299.

2. It is contended for appellant, that the complainant's bill should have been dismissed—1st, because he had an adequate remedy at law; and, 2d, because he fails to establish by credible testimony any material misrepresentation by Fennell of the boundaries of the land.

The various questions growing out of contests between vendors and vendees of land, have probably furnished material for as much litigation in this State as any other class of contracts. Like most other subjects which have been often before this court, it is somewhat difficult to reconcile all that has been said in the several cases. This renders it unsafe to affirm, with certainty, any absolute rule, which shall, in all cases, inform the practitioner when his defense is at law, and when he may resort to equity. We do not propose to remove any difficulties, save those which seem to be called for by the present record.

The present bill charges, that Fennell, the agent of Kelly, in negotiating the sale to complainant, misrepre-

sented the eastern boundary of the tract, pointing out as within the numbers he was selling a body of rich bottom land; that he, the vendor, knew where the true line ran ; and that the complainant was ignorant of the lines, a stranger in the neighborhood, and trusted in Fennell's representations.

The complainant, at the time he commenced the present suit, had a clear right to maintain an action at law against his vendor, for the damages he complains of. Munroe v. Pritchett, 16 Ala. 785; Gibson v. Marquis, 29 Ala. 668; Gordon v. Phillips, 13 Ala. 565; Morgan v. Patrick, 7 Ala. 185. On the facts disclosed in this case, the vendor could not, at the time he filed this bill, defend, on the ground stated, against a suit for the purchase-money.—Patton v. England, 15 Ala. 69; Dunn v. White, 1 Ala. 645; Calloway v. McElroy, 3 Ala. 406; Elliott v. Boaz, 9 Ala. 772; Horner v. Purser, 20 Ala. 573; see, also, Newell v. Turner, 9 Por. 420. He could, under the Code, make such defense.—Holley v. Younge, 27 Ala. 203; Marquis v. Gibson, 29 Ala. 668.

Having at the time an adequate remedy at law to sue and recover damages, and having, under the decisions of this court, no right to make his defense at law when sued for the purchase-money, did this confer on him the right, in a case in which no rescission was sought, to file a bill in chancery, obtain an injunction, and, in this way, recover compensation in damages for the fraud or misrepresentation? Can a bill be maintained for compensation, as an independent ground of relief, when the damages complained of are susceptible of certain ascertainment, or will such relief be granted in chancery only as an incident to some other relief of equitable cognizance?

In Aday v. Echols, 18 Ala. 353, a bill was filed for specific performance of an oral contract for the purchase of land, and failing in that, was retained as a suit for compensation. The principle declared is sustained by many decisions, a leading one of which is Denton v. Stewart, 1 Cox, 258; see, also, Greenaway v. Adams, 12 Vesey, 395; City of London v. Nash, 3 Atk. 512, 517; Cud v. Rutter, 1 Pr. Wms. 570; Phillips v. Thompson, 1 Johns·

Ch. 131, 150; Pratt v. Law, 9 Cranch, 456; Woodcock v. Bennett, 1 Cow. 711; Hollis v. Edwards, 1 Vern. 159.

The principle, perhaps, rests on an extension, of doubtful propriety, of the doctrine of *cy pres*. It has been assailed in many able and well considered opinions. We do not pronounce on it now, as this case rests on a different principle.—See the following authorities : Jenkins v. Parkman, 1 Cooper's Sel. Cases, 179, 8 Eng. Ch. 430; Clinan v. Cooke, 1 Sch. & Lef. 22, 25; Guillim v. Stone, 14 Vesey, 129; Todd v. Gee, 17 Ver. 274; Hatch v. Cobb, 4 Johns. Ch. 559; Kempshall v. Stone, 5 Johns. Ch. 193; Sims v. McEwen, 27 Ala. 184, 192; 2 Story's Eq. § 778, and note.

It is manifest to us that, as a mere defense, in the absence of a special equity, the bill in this case should not be maintained.—See Harris v. Deramus, 33 Ala. 463; McLemore v. Mabson, 20 Ala. 137; Magee v. McMillan, 30 Ala. 420; Long v. Brown, 4 Ala. 622.

We are aware that two cases have been before this court, in which relief in the shape of compensation was decreed, on bills filed solely for that purpose.—See Stow v. Bozeman, 29 Ala. 397, and Wright v. Wright, in manuscript. In each of those cases, the appeal was prosecuted by the complainant; and no question was, or could be raised on the equity of the bills. Although they were probably not distinguishable from the present one, even if we regard this as a bill solely for compensation, without special equities; still we do not regard them as committing us to the proposition, that those bills were well filed.

We need scarcely add, that there are many cases, in which there exist special equities, which justify a resort to chancery. The following are instances:

1st. When the vendor makes false or fraudulent representations as to a matter material to the boundary or title, and the vendee on that account seeks a rescission.—Harris v. Carter, 3 Stew. 233; Pitts v. Cottingham, 9 Porter, 675; Young v. Harris, 2 Ala. 108; Clemens v. Loggins, 2 Ala. 514; Camp v. Camp, 2 Ala. 632; Spence v. Duren, 3 Ala. 251; Duncan v. Jeter, 6 Ala. 604; Elliott v. Boaz, 9 Ala. 772; Griggs v. Woodruff, 14 Ala. 9; Patton v.

England, 15 Ala. 69 ; Parks v. Brooks, 16 Ala. 529 ; Read v. Walker, 18 Ala. 323 ; Smith v. Robertson, 23 Ala. 312 ; Bonham v. Walton, 24 Ala. 514 ; Lanier v. Hill, 25 Ala. 554 ; Foster v. Gressett, 29 Ala. 393 ; Bailey v. Jordan, 32 Ala. 50.

2d. When the defense relied on is a defect in, or incumbrance upon the title, and the vendor is insolvent, or unable to respond in damages ; or, if the incumbrance be of such a character that it does not admit of reduction to a money value, chancery will interfere, and indemnify the purchaser, by arresting, *pro tanto*, the collection of the purchase-money. Christian v. Scott, 1 Stew. 490 ; Smith v. Pettus, 1 S. & P. 107 ; Wilson v. Jordan, 3 St. & P. 92 ; Wiley v. White, 3 St. & P. 355 ; Larkins v. Bank of Montgomery, 9 Por. 439 ; Stone v. Gover, 1 Ala. 287 ; Clemens v. Loggins, 1 Ala. 622 ; Dunn v. White, 1 Ala. 645 ; Bliss v. Smith, 1 Ala. 273 ; Giles v. Williams, 3 Ala. 316 ; Clay v. Dennis, 3 Ala. 375 ; Cullum v. Bank, 4 Ala. 21 ; Starke v. Hill, 6 Ala. 785 ; Bates v. Terrell, 7 Ala. 129 ; Tankersley v. Graham, 8 Ala. 247 ; Bird v. Daniel, 9 Ala. 302 ; Knight v. Turner, 11 Ala. 636 ; Hunter v. O'Neal, 12 Ala. 37 ; Greenlee v. Gaines, 13 Ala. 198 ; Parks v. Brooks, 16 Ala. 529 ; Springle v. Shields, 17 Ala. 296 ; Read v. Walker, 18 Ala. 323 ; McLemore v. Mabson, 20 Ala. 137 ; Thrasher v. Pinckard, 23 Ala. 616 ; Wray v. Furniss, 27 Ala. 471.

3d. There are, also, other special equities, which will uphold such bill ; and acquiring jurisdiction for one purpose, the court of chancery will go on and do complete justice between the parties.—Williams v. Mitchell, 30 Ala. 299 ; Stewart v. Stewart, 31 Ala. 207.

We think, however, that this bill does present a special equity, which will uphold the jurisdiction of the chancery court. Mr. Kelly, the vendor, had removed from the State, and had died ; and his estate was settled up and distributed in the State of his last residence. The complainant in this bill could not defend at law, as was then well settled by several decisions of this court. This, we think, justified a resort to the process of injunction, which

the chancery court alone can make available.—See Williams v. Mitchell, *supra*.

[3.] We have carefully looked into the testimony in this case, and think it satisfactorily proves the misrepresentation of boundary charged in the bill. On this point, we think the chancellor was fully justified in decreeing relief to complainant. We are not able to perceive the conflict between the averments of the bill and the testimony of the two Allens, which is asserted. The bill charges, on *information and belief*, that Fennell knew the lines; not that he *professed* to know them. The witnesses do not testify that Fennell *knew* the lines—they could not probably know that. Their evidence is, that he *professed* to know the lines. The charge is of a fact not generally susceptible of direct proof. The testimony was doubtless offered, as tending to prove that fact. The fact, however, was immaterial.—See Munroe v. Pritchett, *supra;* Lanier v. Hill, *supra;* Atwood v. Wright, 29 Ala. 346.

[4.] In one aspect, this bill must be pronounced defective. It will be seen that it does not seek a rescission of the contract, but only compensation in damages. True, it was originally filed with an alternative prayer; but on the hearing, the complainant waived his prayer for rescission, and all right to that form of relief. The averments of the bill are, that some sixty-four acres of valuable bottom land were falsely pointed out to complainant as being within the tract; that those sixty-four acres were worth $500, and that they operated as an inducement, without which complainant would not have made the purchase. There is no deficiency in quantity alleged or proved; nor is there any averment, or intimation, that the alleged sixty-four acres possessed any peculiar value above the balance of the tract. For aught that appears in the pleadings, the average value of the land actually obtained under the purchase is as great, and may be greater, than it would be if its lines so ran as to embrace the sixty-four acres. If we were to grant compensation under a bill framed as this is, the result might be, that a purchaser who obtained, in quantity, all he contracted for, and in fertility and value more than had been repre-

sented, would, in addition, be allowed to recover the value of the land, outside of the tract, which may have been ignorantly, though erroneously, pointed out. This would be in palpable violation of the measure of damages in such cases, which gives to the purchaser only what he has lost, in obtaining lands less valuable than they would have been if the lands pointed out constituted a part of them. In the present case, Mr. Allen might obtain the land he bargained for, in kind and quantity, and the value of an additional sixty-four acres, as compensation in damages.

[5.] As this defect does not seem to have been brought to the notice of the court below, we will not make it the basis of a final disposition, but will remand the cause.

[6–7.] It is objected to the relief sought by this bill, that Mr. Allen, after he had received sufficient notice to put him on inquiry as to the misrepresentation, entered into new stipulations; and that this, together with the length of time he permitted to elapse, should preclude him from making the defense against the purchase-money which he sets up. To the note held by Mr. Coleman, the bill concedes that no defense can be made.

The giving of the new notes, and the promises made to pay them, being without any new consideration, do not estop the complainant from making defense.—Finn v. Barclay, 15 Ala. 626; Ware v. Cowles, 24 Ala. 446; Carroll v. Malone, 28 Ala. 521.

If this were an independent suit for relief, the question of *laches* would demand a much more serious consideration, than it does in its present form. This suit, however, is defensive. It seeks to recover nothing, but simply to reduce the recovery of the plaintiff in the suits at law. It concedes a liability, but controverts the extent of it. Being defensive, we can not apply to this case the doctrine of staleness. As well might it be urged, that a defense which rested on fraud, or failure of consideration, in the sale of a chattel, was lost by a failure to rely upon it, until a suit for the purchase-money rendered its assertion necessary.

In aid of this view, it is proper to say that, as we under-

stand the record, the period which elapsed between the time when Mr. Allen might have discovered the extent of injury he had sustained, and the time when his special equity accrued—namely, when his remedy at law became inadequate—must have been, if such laches have any application to defenses, much less than six years.

The decree of the chancellor is reversed, and the cause remanded.

A. J. WALKER, C. J., not sitting.